UNITED STATES *v.* KIRBY LUMBER CO

No. 26.   Argued October 21, 1931.   Decided November 2, 1931.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Fred K. Dyar, Bradley B. Gilman, Erwin N. Griswold, Paul D. Miller, Clarence M. Charest,* and *T. H. Lewis, Jr.,* were on the brief, for the United States.

*Mr. Robert Ash* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In July, 1923, the plaintiff, the Kirby Lumber Company, issued its own bonds for $12,126,800 for which it received their par value. Later in the same year it purchased in the open market some of the same bonds at less than par, the difference of price being $137,521.30. The question is whether this difference is a taxable gain or income of the plaintiff for the year 1923. By the Rev-

enue Act of (November 23,) 1921, c. 136, § 213 (a) gross income includes "gains or profits and income derived from any source whatever," and by the Treasury Regulations authorized by § 1303, that have been in force through repeated reënactments, "If the corporation purchases and retires any of such bonds at a price less than the issuing price or face value, the excess of the issuing price or face value over the purchase price is gain or income for the taxable year." Article 545 (1) (c) of Regulations 62, under Revenue Act of 1921. See Article 544 (1) (c) of Regulations 45, under Revenue Act of 1918; Article 545 (1) (c) of Regulations 65, under Revenue Act of 1924; Article 545 (1) (c) of Regulations 69, under Revenue Act of 1926; Article 68 (1) (c) of Regulations 74, under Revenue Act of 1928. We see no reason why the Regulations should not be accepted as a correct statement of the law.

In *Bowers v. Kerbaugh-Empire Co.*, 271 U. S. 170, the defendant in error owned the stock of another company that had borrowed money repayable in marks or their equivalent for an enterprise that failed. At the time of payment the marks had fallen in value, which so far as it went was a gain for the defendant in error, and it was contended by the plaintiff in error that the gain was taxable income. But the transaction as a whole was a loss, and the contention was denied. Here there was no shrinkage of assets and the taxpayer made a clear gain. As a result of its dealings it made available $137,521.30 assets previously offset by the obligation of bonds now extinct. We see nothing to be gained by the discussion of judicial definitions. The defendant in error has realized within the year an accession to income, if we take words in their plain popular meaning, as they should be taken here. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, 364.

*Judgment reversed,*