HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* AMERICAN CHICLE CO.

No. 349. Argued February 6, 1934.—Decided March 5, 1934.

*Mr. Erwin N. Griswold,* with whom *Solicitor General Biggs* and *Messrs. Sewall Key* and *Norman D. Keller* were on the brief, for petitioner.

*Mr. William C. Breed,* with whom *Mr. Paul L. Peyton* was on the brief, for respondent.

Mr. Justice McReynolds delivered the opinion of the Court.

Assessments by petitioner which treated as realized income the difference between the face value of certain bonds assumed by respondent in 1914 and the amount at which it purchased them in 1922, 1924 and 1925, were disapproved by the Board of Tax Appeals. The court below affirmed this action, and the matter is here by certiorari. The meager stipulated facts present only a narrow point; and to that our decision must be limited.

Respondent is a New Jersey corporation the nature of whose business is undisclosed. Its books are kept on the accrual basis.

The Sen Sen Chiclet Company, incorporated under the laws of Maine, also carried on an undisclosed business. In 1909 it issued a series of 20 year bonds—whether secured by a lien, or otherwise, does not appear. The indenture under which they issued required that $50,000 be supplied each year which the trustee should use for purchasing outstanding bonds.

In 1914 respondent bought all assets of the Sen Sen Company. In part payment it assumed all outstanding liabilities of the seller—among them $2,425,000 of the 1909 bonds. There is nothing in the record to show the nature of these assets, or what became of them, or the outcome of the transaction.

Respondent purchased in 1922 $82,000 of the Sen Sen bonds for $55,650.94—$26,349.06 less than their face. During 1924 it and the trustee under the indenture purchased $59,000 of the same bonds for $47,602.10—$11,397.90 below their par value. Likewise, during 1925 they purchased $201,500 for $186,146.31—$15,353.69 less than their face.

The Commissioner treated these differences—$26,349.06, $11,397.90 and $15,353.69—as income realized by respondent. The Board of Tax Appeals ruled otherwise and said—

" The payments involved in the transactions under consideration were payments on the purchase price of the Sen Sen Chiclet Company's assets, paid, under the conditions of the agreement, to the holders of that company's bonds. When all of the bonds have been retired by the petitioner its obligations to the Sen Sen Chiclet Company will have been satisfied in full, and whatever the total amount paid to retire the bonds, it will constitute a

part of the cost to petitioner of the Sen Sen Chiclet Co. assets."

In support of the same view, the Circuit Court of Appeals said—

" When a taxpayer gets money by issuing an obligation which he later discharges for less than its face, the transaction is completed, because money need not be sold or exchanged to be ' realized.' So we read *United States* v. *Kirby Lumber Co., supra,* 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131. But if he buys property by an obligation in the form of a bond, note, or the like, and if it remains in kind after the debt is paid, there can be no ' gain.' The cost has indeed been definitively settled, but that is only one term of the equation; as long as the other remains at large, there is no ' realized ' gain." 65 F. (2d) 455.

We know nothing concerning the nature of the assets acquired from the Sen Sen Company, have no means of ascertaining what has become of them, or whether any of them still exist. Nothing indicates whether respondent lost or gained by the transaction.

The case before us is this:

In connection with the purchase of the assets of another company, in 1914, respondent assumed—promised to pay—more than $2,000,000 of the seller's outstanding bonds. During 1922, 1924 and 1925 it purchased a considerable number of these bonds in the market at less than their face. The Commissioner assessed the difference between these two amounts as income.

We find nothing to distinguish this cause in principle from *United States* v. *Kirby Lumber Co.,* 284 U.S. 1. The doctrine there announced is controlling here. *Bowers* v. *Kerbaugh-Empire Co.,* 271 U.S. 170 is not applicable. The final outcome of the dealings was revealed—the taxpayer suffered a loss. Here, for aught we know, there was substantial profit—certainly, the record does not show the

contrary. Doubtless, respondent's books indicated a decrease of liabilities with corresponding increase of net assets.

*Reversed.*