*145 OPINION.
Aeundell:
This case presents the familiar question of whether the cancellation of indebtedness constitutes taxable income. If the taxpayer is in fact enriched by the transaction, if he is relieved of his liabilities without a corresponding shrinkage of his assets incident to the transaction, he has realized income, United States v. Kirby Lumber Co., 284 U.S. 1; Commissioner v. American Chicle Co., 291 U.S. 426. But he has not realized income by being relieved from paying that which he in fact is unable to pay. u Gain or profit is essential to the existence of taxable income. A transaction whereby nothing of exchangeable value goes to or is received by a taxpayer does not give rise to or create taxable income.” Dallas Transfer & Terminal Warehouse Co. v. Commissioner, 70 Fed. (2d) 95; Burnet v. Campbell Co., 50 Fed. (2d) 487; Meyer Jewelry Co., 3 B.T.A. 1319.
The evidence is clear that petitioner was insolvent when the Searles settlement was made and the mortgages were canceled. Petitioner’s home “ El Bravo ” in 1929 did not have a fair market value in excess of the first mortgage of $16,000. The real estate market in Florida was demoralized and it was practically impossible to dispose of property at any price. Nor did the petitioner realize income by reason of the cancellation of the mortgage on the 50-acre tract of undeveloped land. In 1929 this property appears to have had little, if any, value. Moreover, whatever interest petitioner had in this tract he had conveyed in June of 1929 to the Quinn Holding Co., a corporation, which assumed petitioner’s obligations under the mortgage on this undeveloped tract. This was several months before the Searles settlement took place. The cancellation of the mortgage in this case did not, as in Kirby Lumber Co., supra, make available any assets to petitioner, and we hold that there was no realization of income from the transaction.

Decision will be entered under Rule 50.