*Decision will be entered under Rule 50.*

FULTON GOLD CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60222.   Promulgated November 6, 1934.

*Benjamin Mahler, Esq.,* for the petitioner.
*W. E. Davis, Esq.,* for the respondent.

OPINION.

SEAWELL: The petitioner, a corporation, in 1920 purchased from the Hopkinson Bergen Co. a piece of improved real estate in New York City for $600,000. There was an outstanding mortgage on the

property for $450,000 and petitioner received the property subject to the mortgage, payment of which, however, it did. not assume. In consideration of the payment of the mortgage before maturity the holder agreed to accept less than the face amount of the mortgage in satisfaction thereof. Accordingly, in May 1922 the petitioner paid the sum of $407,853 in full settlement of the mortgage and legal expenses and other charges incurred in the transaction.

In 1929 the petitioner sold the property for $652,166.67, and in its return for that year reported taxable gain of $46,781.57 resulting from the sale, based upon a cost of $600,000. In determining a deficiency of $10,635.50 in income tax against the petitioner for 1929 the respondent reduced the cost basis used by the petitioner by $42,147, representing the difference between the face amount of the mortgage and the sum paid in full settlement thereof, including legal expenses and other charges. The petitioner questions only this basis of cost.

The petitioner contends that the respondent's action is contrary to the principle of *United States* v. *Kirby Lumber Co.*, 284 U. S. 1. The respondent filed no brief. In making the adjustment in the cost basis of the property, he cited *Des Moines Improvement Co.*, 7 B. T. A. 279, and I. T. 2406, C. B. VII-1, p. 68, as supporting his action. In March 1934 the respondent revoked I. T. 2406 in view of the Board's decision in *B. F. Avery & Sons, Inc.*, 26 B. T. A. 1393, dismissed on motion of the respondent, 67 Fed. (2d) 985, and his nonacquiescence in the *Des Moines Improvement Co.* case and *American Seating Co.*, 14 B. T. A. 328, reversed on other issues, 50 Fed. (2d) 681. C. B. XIII-13.

In *American Seating Co.*, *supra*, the taxpayer acquired assets subject to an outstanding mortgage securing bonds issued by the seller. Subsequently the buyer purchased the bonds then outstanding in the hands of the public for less than par and the mortgage was satisfied. Our holding was that the payment represented a part of the cost of the assets and did not result in taxable income in the year it was made.

The *Kirby Lumber Co.* case and the more recent decision of the same Court in *Commissioner* v. *American Chicle Co.*, 291 U. S. 426, reversing 65 Fed. (2d) 454, which affirmed 23 B. T. A. 221, do not appear to be opposed to such ruling. The former case involved the purchase by the taxpayer of its own bonds at less than par, and the latter case concerned the purchase from the public, at less than their face amount, of bonds the payment of which the taxpayer assumed when acquiring all of the assets of the issuing corporation. In each case the Court held that taxable income was realized to the extent of the difference between the issuing price of the securities and the amount paid in their repurchase. The basis for the Court's holdings

is, as we read the decisions, that the purchases released assets offset by personal obligations under the bonds, resulting in a corresponding accession to income.

Here the petitioner, instead of assuming the mortgage, bought the property subject to it, and by making the purchase on such terms incurred no personal liability for the debt. Accordingly, payment of the mortgage did not result in the liquidation of a personal debt. By it the petitioner merely satisfied an encumbrance on property in which it had an equity and there was no release of assets " previously offset by the obligation " of the notes or bonds evidencing the debt secured by the mortgage. *United States* v. *Kirby Lumber Co.*, *supra.*

The stipulation is that the holder of the mortgage instituted negotiations for the " cancellation of the mortgage on the ground that it could not legally hold such mortgage." We are not aware of the time when such action was taken. For aught we know the petitioner was cognizant of it in 1920 and bought the mortgaged property with knowledge that it would be able to acquire the lien for less than its face amount. In any event, it does not appear that the real property was at any time after 1920 worth less than $600,000, and, if so, the petitioner's equity therein was never, in fact, at stake.

The *American Chicle Co.* case involved, as the Court pointed out, a " narrow point " and we do not think it or the *Kirby Lumber Co.* case governs the question here. We think the correct result was reached by us in *American Seating Co., supra.* Cf. *Leichner & Jordan Co.*, 4 B. T. A. 133, and *James Sweinhart*, 29 B. T. A. 1179.

Reviewed by the Board.

> *Decision will be entered for the respondent.*

McMahon concurs in the result.