P. J. Hiatt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Anna Belle Hiatt, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 82568, 82569. Promulgated January 19, 1937.

*Arthur C. Huston, Jr., Esq., Stephen W. Downey, Esq.,* and *Harry B. Seymour, Esq.,* for the petitioners.

*Owen W. Swecker, Esq.,* for the respondent.

## OPINION.

SMITH: The question presented by these proceedings is whether the petitioners realized taxable income by having assessments against their lands in the amount, including interest, of $82,094.05 satisfied by a charge against them on the books of the mortgagee of the lands of $15,258.63, the latter amount representing the cost to the mortgagee of purchasing bonds to satisfy the assessment. In his deficiency notices the respondent states: "These transactions are held to be equivalent to sales and the difference between the purchase price of the bonds and the amount of credit received against the assessments represents property subject to tax just the same as if the bonds had been purchased and sold outright, even though the

credit may have applied against an item that had been capitalized." The authorities relied upon by the respondent in his determination are *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Helvering* v. *American Chicle Co.*, 291 U. S. 426; *Commissioner* v. *Coastwise Transportation Corporation*, 71 Fed. (2d) 104; certiorari denied, *Coastwise Transportation Corporation* v. *Commissioner*, 293 U. S. 595.

The facts in the above cited cases were entirely different from those which obtain in the proceedings at bar. In *United States* v. *Kirby Lumber Co.*, *supra*, the Kirby Lumber Co. was held liable to income tax upon profit realized by it in the redemption of some of its bonds at a price less than the issuing price. The facts clearly showed that the company had a cash profit from the redemption of the bonds at prices less than the issuing price. In *Helvering* v. *American Chicle Co.*, *supra*, the facts were that the American Chicle Co. had purchased the assets of another corporation and as a part of the purchase price had assumed the payment of the bonds at par. The American Chicle Co. redeemed some of these bonds at less than par. The case involved, as the Court pointed out, a "narrow point." Upon the facts before it the Court held the company liable to income tax in respect of the difference between the par value of the bonds and the redemption price. Substantially the same facts obtained in *Commissioner* v. *Coastwise Transportation Corporation*, *supra*, and *Twin Ports Bridge Co.*, 27 B. T. A. 346. In all of these cases a reduction in the amount of a personal obligation of a taxpayer was involved. No such situation is presented by these proceedings.

In *Fulton Gold Corporation*, 31 B. T. A. 519, it was held that the doctrine of *United States* v. *Kirby Lumber Co.*, *supra*, and *Helvering* v. *American Chicle Co.*, *supra*, has no application in any case where, as here, the indebtedness reduced is not the personal obligation of the taxpayer although it may be a lien upon its lands. The facts in the *Fulton* case were that the taxpayer purchased certain real property upon which there stood a prior mortgage which was not assumed by the taxpayer. Thereafter the taxpayer was able to secure the release of the mortgage lien by the payment of less than its full face amount. Later the taxpayer sold the property and in its income tax return for that year set forth its adjusted cost basis as being the purchase price of the land, including the full face amount which it compromised for a smaller sum. It based its position upon the doctrine of *United States* v. *Kirby Lumber Co.*, *supra*. The Board held, however, that the adjusted cost basis could only include the amount actually paid to settle the mortgage rather than its face amount. It said that the *Kirby Lumber Co.* and the *American Chicle Co.* cases had no application to the case because

the mortgage lien discharged by the taxpayer was not its own personal obligation even though it was a lien on its lands. In *American Seating Co.*, 14 B. T. A. 328, the facts were that the taxpayer acquired assets subject to an outstanding mortgage securing bonds issued by the seller. The American Seating Co. did not assume liability on the bonds. Subsequently, the buyer purchased the bonds then outstanding in the hands of the public for less. than par and the mortgage was satisfied. We held that the payment represented part of the cost of the assets and did not result in taxable income in the year in which it was made. Cf. *Leichner & Jordan Co.*, 4 B. T. A. 133; and *James Sweinhart*, 29 B. T. A. 1179.

In *A. M. Lawrence*, 13 B. T. A. 463, the facts were that the taxpayer owned practically all of the stock of a California corporation. By an agreement between the taxpayer and a third party such third party canceled the amount of the corporation's indebtedness. It was claimed by the Government that such cancellation of indebtedness amounted to a taxable gain by the taxpayer in view of the fact that he was practically the sole stockholder of the corporation. The Board held, however, that Lawrence realized no income in the transaction, but at most realized an increase in the value of his stock as a capital investment.

Likewise, in *Union Pacific Railroad Co.*, 32 B. T. A. 383, the Board held that *United States* v. *Kirby Lumber Co.*, *supra*, has no application in a case where the taxpayer secures a reduction in the cost of a capital investment but there is no reduction for personal obligation in connection therewith.

Special assessment benefits such as those levied upon the lands of the petitioners, when paid, are not legal deductions from gross income. Under the income tax law they are treated as additional cost of the land benefited. *F. M. Hubbell Son & Co.*, 19 B. T. A. 612; affd., 51 Fed. (2d) 644. /Where, as here, the land owner does not pay the assessment in full the only additional cost to the land owner is the amount that he pays on the assessment. If he obtains a reduction of the assessment, such reduction merely serves to reduce the amount of the additional cost of the land. It does not result in taxable income. The cost of the petitioners' lands in 1932 was not enhanced by $82,094.05 by the satisfaction of the special assessment upon it, but only by the amount of $15,258.63, which was the amount of cash advanced for their benefit by the California Trust & Savings Bank in satisfaction of the assessment.]

The respondent in his deficiency notices also relies upon the decision of the Board in *Dallas Transfer & Terminal Warehouse Co.*, 27 B. T. A. 651. It was there held that since in 1928 the petitioner transferred to its principal creditor certain real estate in considera-

tion of the cancellation of its indebtedness, which indebtedness was in excess of the petitioner's equity in the property, the transfer consti-tuted a sale upon which the petitioner realized taxable profit. The Board's decision in that case was reversed by the Circuit Court of Appeals for the Fifth Circuit, 70 Fed. (2d) 95. The court stated:

\* \* \* In effect the transaction was similar to what occurs in an insolvency or bankruptcy proceeding when, upon a debtor surrendering, for the benefit of his creditors, property insufficient in value to pay his debts, he is discharged from liability for his debts. This does not result in the debtor acquiring some-thing of exchangeable value in addition to what he had before. There is a reduction or extinguishment of liabilities without any increase of assets. There is an absence of such a gain or profit as is required to come within the accepted definition of income. \* \* \*

It is true that the total debt against the petitioners' lands in 1932 was reduced to the extent of $66,835.42 by the purchase of the bonds and their application against the assessment. But the remaining in-debtedness was far in excess of the market value of the lands then, or at any subsequent date. No gain, profit, or income can be spelled out of such a transaction. At most it served only to increase the mortgagee's equity in the lands. Even after the transaction the petitioners' equity in the lands was valueless.

The petitioners have offered no evidence with respect to the trans-action by which the respondent added to the gross income of P. J. Hiatt $2,604.87, as shown in our findings of fact, although the trans-action appears from the deficiency notice to have been of the same nature as that considered herein. For lack of proof upon the point, the action of the respondent in adding $2,604.87 to the reported net income is sustained.

Reviewed by the Board.

> *Judgment will be entered under Rule 50.*

MURDOCK, LEECH, and TURNER concur only in the result.