BRIARCLIFF INV. CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 8159.

Circuit Court of Appeals, Fifth Circuit.

June 9, 1937.

Theodore B. Benson and Charles E. Foster, Jr., both of Washington, D. C., for petitioner.

Howard P. Locke, Norman D. Keller, and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and Herman Oliphant, Gen. Counsel, Department of Treasury, and Owen W. Swecker, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

The Commissioner of Internal Revenue determined a deficiency of $1,550.39 in the income tax returns of petitioner for the

year 1931. On petition to the Board of Tax Appeals the Board affirmed the Commissioner, for reasons stated in an unpublished opinion. The material facts are as follows:

On May 1, 1930, petitioner purchased the Robert Fulton Hotel building for a stated consideration of $625,000, which included the assumption of a series of second mortgage notes, aggregating $230,000. In August, 1931, petitioner liquidated this mortgage by issuing a new series of second mortgage notes aggregating $150,000 and paying the difference in cash. The total outstanding stock of petitioner was 750 shares of which Asa G. Candler, Jr., owned 630 shares. In September, 1931, Candler acquired the outstanding second mortgage notes, $150,000, for $130,000. All the notes were surrendered to him and the mortgage was marked satisfied on the records and canceled. Candler turned over the notes to petitioner and was credited on its books with $130,000, which petitioner recognizes as a liability to him in that amount.

Petitioner contends that Candler made a donation to the corporation of $20,000, which should be considered an addition to capital, not income, and not taxable as a gift. Reliance is had upon the decisions in U. S. v. Oregon-Washington R. & Nav. Co. (C.C.A.) 251 F. 211; American Cigar Co. v. Commissioner (C.C.A.) 66 F.(2d) 425. We consider those cases are not in point. In each of them a stockholder paid in money to the corporation without any hope or expectation of getting it back.

In this case we must look through the form of the transaction to determine its effect. The result of the transaction was that Candler acquired the entire issue of mortgage notes for $130,000 and transferred them to petitioner for the same price. So far as petitioner is concerned, it acquired its own securities at a discount of $20,000. Plainly this is a gain to the corporation of $20,000, which was taxable income in the year 1931, under the provisions of section 22 of the Revenue Act of 1928 (26 U.S.C.A. § 22 and note), which governs. The following cases, relied upon by the Board, support this conclusion: U. S. v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131; Helvering v. American Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891.

The petition is denied and the judgment of the Board is affirmed.