*Decision will be entered under Rule 50.*

KALMAN HIRSCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95908. Promulgated April 18, 1940.

*Albert Langeluttig, Esq.*, for the petitioner.
*Alvin B. Peterson, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined that by settling the $15,000 mortgage debt in 1936 for $8,000 the petitioner realized income of $7,000, citing *Carlisle Packing Co.*, 29 B. T. A. 514 (which became final, see *Kelly* v. *United States*, 90 Fed. (2d) 73).

The determination must be sustained. That gain is realized by discharging a debt for less than its principal amount may be taken as a general rule, *United States* v. *Kirby Lumber Co.*, 284 U. S. 1. There are exceptions depending on the circumstances, e. g., that the debtor has become insolvent, *Dallas Transfer & Terminal Warehouse Co.* v. *Commissioner*, 70 Fed. (2d) 95, that the original debt was voluntarily incurred for no consideration except the self-imposed obligation to distribute surplus by way of dividend, *Commissioner* v. *Rail Joint Co.*, 61 Fed. (2d) 751, or that the bonds were not retired and the debtor's entire assets were so diminished in value that to acquire some of the bonds did not result in freeing assets, *Transylvania Railroad Co.* v. *Commissioner*, 99 Fed. (2d) 69. Cf. *Helvering* v. *American Chicle Co.*, 291 U. S. 426.

It can not be said from the evidence that petitioner suffered a loss or that he did not in fact have a gain. It is true that the property is worth less than it cost; but that may prove to be but a temporary diminution in value and not a definitive realization of loss in the investment. Until the property is disposed of there is no knowing whether "the transaction as a whole is a loss", as in *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170. See *United States* v. *Kirby Lumber Co.*, supra; *Helvering* v. *American Chicle Co.*, supra. The petitioner was personally liable; was not insolvent; had other property (how much does not appear) ; and now owns this property free from the mortgage. Thus the transaction of settlement "made available $7,000 assets previously offset by the obligation of the debt now extinct", as said in the *Kirby Lumber* case.

The mortgage was not a purchase money mortgage. There was a new borrow, the proceeds of which were used to discharge an earlier

obligation. It was secured by a new mortgage on the property, which had cost $29,000, of which $11,000 had been paid and $18,000 was now being paid with the entire amount now being borrowed. The cost had therefore become fixed. It immediately became and continued to be the basis for depreciation and cognate deductions. After such cost has been carried for a number of years it may not be readjusted either because of the fall in the value of the property or because of the settlement of the obligation of the loan. See *Commissioner* v. *Coastwise Transportation Co.*, 71 Fed. (2d) 104; *L. D. Coddon & Brothers, Inc.*, 37 B. T. A. 393.

*Decision will be entered under Rule 50.*