HOTEL ASTORIA, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97230. Promulgated September 27, 1940.

*Charles E. McCulloch, Esq.,* and *Thomas B. Stoel, Jr., Esq.,* for the petitioner.

*John H. Pigg, Esq.,* for the respondent.

OPINION.

SMITH: Petitioner's contentions in this proceeding are that it realized no taxable gain from the payment of $16,437.82 delinquent taxes and interest, which constituted a lien upon its property, with $16,437.82 face value of bonds and matured coupons of the city of Astoria and the Port of Astoria, except the gain on the payment of $445.64 personal property taxes and interest. This admission as to tax liability in respect of payment of the personal property taxes is based upon the theory that the personal property taxes were assessed against and were a personal liability of the petitioner. It submits that the total taxable income from this transaction was not more than $334.23 or 75 percent of the face value of the bonds and coupons utilized in paying personal property taxes and interest.

Petitioner's argument is that the delinquent general property taxes which were a lien upon the hotel property were not assumed by the petitioner; that under the Oregon laws delinquent taxes were obligations of the prior owner and not of the petitioner; and that the fact that they were a lien upon the taxpayer's property did not make them an obligation of the petitioner.

The respondent argues that the income taxes in the amount of $60,496.08 were a lien upon the petitioner's property and necessarily payable by it; and that, when the petitioner acquired the municipal bonds and matured coupons at a large discount, and disposed of a portion of them in 1935 in settlement of $15,992.18 of delinquent real property taxes and interest which would otherwise have had to be paid in cash, it realized a taxable gain of the difference between the par value of the bonds and matured coupons so used and the cost

thereof. The respondent's argument is predicated on section 22 of the Revenue Act of 1934, which provides in material part as follows:

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from \* \* \* sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from \* \* \* the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. \* \* \*

The petitioner does not contend that it would not be taxable upon the gain, as contended by the respondent, if it had had a personal liability for the payment of the general property taxes which had become a lien upon the hotel property at the time of its acquisition. Its contention is, however, that it had no such personal liability for the reason that the taxes were owed by its vendor and were not assumed by the petitioner.

In *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, the taxpayer was held to have realized a taxable gain represented by the difference between the amount of money which it had borrowed upon its bonds and the price at which the bonds were redeemed. There was no question in that case but that the petitioner had realized a taxable gain upon a purely business transaction.

In *Helvering* v. *American Chicle Co.*, 291 U. S. 426, the Supreme Court held that where a taxpayer purchased property and assumed the payment of bonds secured by the property purchased the difference between the face value of those bonds and the amount paid in redemption of them was taxable gain.

In our opinion the principles laid down by the Supreme Court in the cases cited are not applicable in this proceeding; for here the petitioner did not assume the payment of the delinquent taxes, although it was necessary for it to pay them in order to prevent the property being sold for taxes.

In *Lifson* v. *Commissioner* (C. C. A., 8th Cir.), 98 Fed. (2d) 508, the court said:

When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property.

Numerous cases are cited by the court in support of that proposition.

When the petitioner purchased the hotel property in 1932 it acquired only such title as the vendor had in the property. For such title petitioner paid approximately $16,000. Its cost basis for the property was only the amount which it had paid to its vendor. If it had sold the property with such title as it then held the basis for the computation of gain would be only approximately $16,000. If it had paid $60,496.08 cash in liquidation of the delinquent taxes such payment would be a capital transaction which would have

increased the petitioner's cost basis for the property from approximately $16,000 to approximately $76,496.08.

By statutory enactment (§ 69–709 Oregon Code, 1930, as amended by chapter 324, Oregon Laws, 1933, p. 501, entitled "An Act to Amend Section 69–709, Oregon Code, 1930, Relating to the Payment of Taxes, and Repealing of Inconsistent Acts and Declaring an Emergency"), the tax collector was authorized and required to accept the bonds of the municipality levying the taxes at their par value, in "payment" and satisfaction of the accrued taxes here in controversy in like manner and on the same basis as gold and silver coin of the United States. We see, therefore, that the petitioner in 1935 had an option of paying the delinquent real property taxes here in question either in cash or by purchasing bonds and matured coupons of the municipality and turning them in at face value to the tax collector in payment of such delinquent taxes. In reality the actual cost to the petitioner of the hotel property was the amount which it had paid to its vendor (approximately $16,000) plus the amount which it invested in bonds and matured coupons for the payment of delinquent taxes.

*L. D. Coddon & Bros., Inc.*, 37 B. T. A. 393, involved the question of the realization of gain from the satisfaction of a real estate mortgage indebtedness which the taxpayer had taken over from a predecessor partnership at less than the face amount thereof. The taxpayer had expressly assumed liability for the mortgage debt when it acquired property from the partnership. At the time of the satisfaction of the indebtedness the taxpayer was solvent and the real estate had a value in excess of the mortgage. We held that the taxpayer realized a taxable gain to the extent of the difference between the face amount of the indebtedness and the amount paid in satisfaction thereof. In our opinion we said:

* * * From an examination of these cases [*United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170; *Helvering* v. *American Chicle Co.*, 291 U. S. 426; *Commissioner* v. *Coastwise Transportation Co.*, 71 Fed. (2d) 104; certiorari denied, 293 U. S. 595; *Transylvania Railroad Co.*, 36 B. T. A. 333, and other cases] the present state of authority seems to be that where a solvent debtor is under direct obligation to make payments for physical property purchased by him or by his assignor, which is still held by him, and satisfies this obligation by paying less than the amounts called for by the obligation, the property continuing to be of a value sufficient to pay the indebtedness, the transaction will result in taxable income to the debtor in the amount by which the face value of the obligation exceeds the amount paid by him for its satisfaction. * * *

* * * * * * * *

The cases cited by petitioner having to do with similar transactions, in which the debtor is insolvent or in which the debt involved is a mere lien on the property sold and not a personal, direct obligation of the taxpayer, are not pertinent except to give examples of the limitations contained in our statement of the general rule applicable to the instant case, *supra*.

In *American Seating Co.*, 14 B. T. A. 328, the taxpayer purchased the assets of another corporation and as part of the purchase price assumed certain liabilities of the vendor corporation other than its bonded indebtedness. Thereafter, it purchased the vendor's outstanding bonds for less than par value. We held that the purchase of these bonds did not result in taxable income. Our opinion in that case was reversed in part by the United States Circuit Court of Appeals for the Seventh Circuit, 50 Fed. (2d) 681, but not upon the point above stated.

In *Fulton Gold Corporation*, 31 B. T. A. 519, we held that, where property was purchased subject to a mortgage which the purchaser did not assume and the mortgage was later satisfied by payment of an amount of less than its face value, the amount so paid constituted an addition to the cost of the property. We said in our opinion that:

Here the petitioner, instead of assuming the mortgage, bought the property subject to it, and by making the purchase on such terms incurred no personal liability for the debt. Accordingly, payment of the mortgage did not result in the liquidation of a personal debt. By it the petitioner merely satisfied an encumbrance on property in which it had an equity and there was no release of assets "previously offset by the obligation" of the notes or bonds evidencing the debt secured by the mortgage. *United States* v. *Kirby Lumber Co., supra.*

In *P. J. Hiatt*, 35 B. T. A. 292, a reclamation district assessment on land was paid off, at face value, with the reclamation district's bonds purchased at a discount. The assessment constituted a lien against the land but was not a personal liability of the owner. We held that the transaction did not result in taxable gain. Cf. *Kalman Hirsch*, 41 B. T. A. 890.

In our opinion petitioner did not acquire a taxable gain by the payment of delinquent taxes in 1935 in bonds of the city of Astoria and the Port of Astoria which it had acquired for that purpose in 1935 at a large discount. The cost of the bonds so applied simply represented an additional investment by the petitioner in the hotel property. It was a capital transaction and is to be treated just as though the amount paid by the petitioner for the bonds had been paid directly to the tax collector in settlement of the delinquent real property taxes.

The petitioner acknowledges that it derived a taxable profit of $334.23 through the application of the municipal bonds and matured coupons in the payment of its personal property taxes in the amount of $445.65, including interest. The net income of the petitioner will be recomputed accordingly.

Reviewed by the Board.

*Decision will be entered under Rule 50.*