**ALLEN, Collector of Internal Revenue, v. COURTS.**

No. 10134.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1942.

Helen R. Carloss and J. Louis Monarch, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and T. Hoyt Davis, U. S. Atty., of Macon, Ga., for appellant.

E. W. Moise, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

On his income tax return for the year 1934, Richard W. Courts was assessed additional taxes on $103,671 of gain which the Commissioner held had been realized and not returned. The tax was paid, refund was sought and not obtained, and the Collector was sued in the District Court with success; and this appeal follows.

The facts are stipulated and in outline are these: In July, 1929, Courts was an applicant for membership in the New York stock exchange, and one Eaton was a broker desirous of a business alliance with Courts. An increase in the number of seats on the Exchange gave opportunity to Courts to buy one, and he made an agreement in writing with Eaton whereby Eaton furnished "the sum of $402,000 to be applied towards the purchase of a membership in the New York Stock Exchange," which was to be repaid from time to time, at the wish of Courts, with interest at 6%; but Eaton's right to be paid was to be subordinate to the payment of all claims against Courts arising out of business transacted while a member of the Exchange, and Eaton was not to maintain any suit therefor so long as Courts was a member of the Exchange and until all such claims were fully paid. In

May, 1934, Courts being still a member of the Exchange and owing many debts, and being indeed insolvent by $169,328 if Eaton's loan be counted at its face with accrued interest, made an agreement whereby Eaton's claim was "settled, adjusted and compromised for the sum of $213,625," $171,312 to be paid in cash, and the remainder in promissory notes, which were afterwards paid. Out of the cash payment, $125,000 went to buy another seat on the Exchange for a nominee of Eaton, that being the then value of a seat. Courts retained his seat, and if it be valued at $125,000 he was rendered solvent by the compromise by $103,671, which amount the Commissioner held to be a realized gain in 1934.

Had Courts borrowed free money from Eaton and given his absolute and enforcible obligation for it, and then in 1934 had redeemed his obligation for a less sum, according to United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131, there would be a gain realized in 1934; and a like result would attend the redemption of any absolute debt by paying less than its face if nothing else appeared; Helvering v. American Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891. But such is not this case. Courts never had control of the borrowed money, but it was expressly loaned to buy a seat on the Exchange for $402,000, and he could do nothing else with it. It was in effect as though Eaton had sold him the seat. And the obligation Courts assumed was not absolute, for it could not be enforced so long as he remained a member of the Exchange. He might so continue till his death, and even then Eaton might not get his money, because Courts might not have enough for all creditors, and Eaton's claim was subordinated. The circumstances are quite different from those usually found where a debt is bought up or compromised for less than its face. We shall not attempt to discuss or reconcile the many cases which have been cited. We think the substance of this transaction is that Courts bought a seat on the Exchange, which he still has, for which he gave an obligation for $402,000 nominally, but which fell far short of being an absolute one, and which had really a much less exchangeable value. When in 1934 he and Eaton dealt with the situation, Eaton considered his claim worth not more than $213,625, and the seat was worth only $125,000. They settled for $213,625, and that became the cost to Courts of the seat. Not until he disposes of the seat will he realize loss or gain. The record shows that at the time of the trial such seats were selling as low as $25,000. Looking at the whole transaction, as was done in Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886, we are of opinion that Courts has not realized any gain at any time.

Judgment affirmed.