KRAMON DEVELOPMENT COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112416. Promulgated February 23, 1944.

*Jerome E. Malino, Esq.*, and *Godfrey Cohen, Esq.*, for the petitioner.
*William F. Evans, Esq.*, for the respondent.

**OPINION.**

Opper, *Judge*: This proceeding falls into the vexed category of controverted gain through the reduction of liabilities. See *Helvering* v. *American Dental Co.*, 318 U. S. 322. The distinctions from the situation presented in that case, however, are obvious. *Fifth Avenue-14th Street Corporation*, 2 T. C. 516. But were it not for three other cir-

cumstances, the present case would fall squarely within *United States* v. *Kirby Lumber Co.*, 284 U. S. 1. This petitioner issued its bonds for property, while in the *Kirby* case they were issued for cash. Subsequent developments indicate at least a limitation upon that ground of distinction. *Commissioner* v. *American Chicle Co.*, 291 U. S. 426; cf. the same case below (C. C. A., 2d Cir.), 65 Fed. (2d) 454, and *Commissioner* v. *Rail Joint Co.* (C. C. A., 2d Cir.), 61 Fed. (2d) 751.

The discrepancy between the value of the property as we have found it and the face value of the bonds raises the question whether the latter were issued at par within the meaning of respondent's regulations. See *Sacramento Medico Dental Building Co.*, 47 B. T. A. 315; cf. *American Smelting & Refining Co.* v. *United States* (C. C. A., 3d Cir.), 130 Fed. (2d) 883. But, if not, the *Kirby* case offers no guidance. Its reliance on the regulations, e. g., Regulations 62, art. 545, see Regulations 101, art. 22 (a) (18), demonstrates the area in which its operation was intended to be confined, and indicates that the difference between purchase price and face value is significant only where there is no discount upon issuance. See *Terminal Investment Co.*, 2 T. C. 1004, 1013. We have consistently taken this view and emphasized the issue price rather than par value in computing gain from the discharge of obligations. *Consolidated Gas Co. of Pittsburgh*, 24 B. T. A. 901; *Norfolk Southern Railroad Co.*, 25 B. T. A. 925; *Commissioner* v. *Norfolk Southern Railroad Co.* (C. C. A., 4th Cir.), 63 Fed. (2d) 304; certiorari denied, 290 U. S. 672; *Madison Railways Co.*, 36 B. T. A. 1107; *Transylvania Railroad Co.*, 36 B. T. A. 333; but see *L. D. Coddon & Bros., Inc.*, 37 B. T. A. 393; *Corporacion de Ventas de Salitre Y Yoda de Chile* v. *Commissioner* (C. C. A., 2d Cir.), 130 Fed. (2d) 141, 143. The question was apparently left out of consideration in *Sacramento Medico Dental Building Co.*, *supra*, and perhaps remains open.

The ultimate and conclusive distinction from the *Kirby* case, however, is that the value of the property when acquired, which, under the evidence, showed only depreciation thereafter, left petitioner insolvent not only upon issuance of the obligations but both before and after the discounted purchases. That circumstance eliminates the realization of taxable gain on the "freeing of assets" theory of the *Kirby* case. *Dallas Transfer & Terminal Warehouse Co.* v. *Commissioner* (C. C. A., 5th Cir.), 70 Fed. (2d) 95; *Lakeland Grocery Co.*, 36 B. T. A. 289; *Highland Farms Corporation*, 42 B. T. A. 1314; *Texas Gas Distributing Co.*, 3 T. C. 57. "The petitioner's purchase and retirement of its own bonds during the taxable years simply reduced its outstanding liabilities. A reduction in outstanding liabilities which does not make a taxpayer solvent does not result in taxable gain," *Madison Railways Co.*, *supra*, 1109; cf., however, *Helvering* v. *American Dental Co.*, *supra*. We accordingly find it unnecessary to examine the applicability of the "adjustment of purchase price" theory repre-

sented by *Hirsch* v. *Commissioner* (C. C. A., 7th Cir.), 115 Fed. (2d) 656; *Killian Co.*, 44 B. T. A. 169; affd. (C. C. A., 8th Cir.), 128 Fed. (2d) 433; and *Gehring Publishing Co.*, 1 T. C. 345; but see *Commissioner* v. *Coastwise Transportation Corporation* (C. C. A., 1st Cir.), 71 Fed. (2d) 104; certiorari denied, 293 U. S. 595.

That the property was worth substantially less than the face amount of petitioner's obligations seems to us an inescapable conclusion. On any theory of valuation, whether derived from the opinions of qualified witnesses, from the assessed valuation, from a capitalization of the prospective and actual earnings of the property, from a consideration of the condition of the general real estate market, or by reference to the market value of the bonds secured by the property, the result is similar. Neither the excessive valuation for bookkeeping purposes, *Terminal Investment Co.*, *supra*, *Commissioner* v. *Coastwise Transportation Corporation*, *supra*, nor the discrepancy between the value we have found and the face amount of the obligations issued requires a disregard of these uncontroverted factors. *American Smelting & Refining Co.* v. *United States*, *supra*; *Sacramento Medico Dental Building Co.*, *supra*; cf. *Dodge Bros.*, *Inc.* v. *United States* (C. C. A., 4th Cir.), 118 Fed. (2d) 95. In fact, the figure we have included in our findings is approximately 50 percent greater than could soundly be substantiated by the record. It represents a maximum rather than an attempt to fix a value definite for all purposes. But the possibility of error is thus adequately discounted, and, since the figure adopted is yet so low as still to demonstrate petitioner's insolvency, it satisfies us that no contrary conclusion would be tenable. We accordingly view respondent's determination as erroneous.

*Decision will be entered under Rule 50.*