ASTORIA MARINE CONSTRUCTION CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11392. Promulgated May 20, 1949.

*Frank H. Spears, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

**OPINION.**

JOHNSON, *Judge*: Petitioner settled notes on which it was obligated to Watzek in the amount of $26,000 for a cash payment of $500. They were not purchase money notes, and petitioner bore no relation to the seller other than that of debtor. Petitioner seeks to characterize the $20,000 loan, which was needed and used in constructing the vessel for the U. S. Coast and Geodetic Survey, as part of a transaction or venture on which it lost money. But such a view was considered and rejected by this Court in petitioner's prior proceeding, Docket No. 1868, involving tax deficiencies for 1939. We adhere, on this record, to the conclusion therein reached that a purely debtor-creditor relation existed between petitioner and Watzek, and the compromise of the indebtedness did not minimize petitioner's loss on construction of the vessel.

The gain of $25,500 comes within the meaning of gross income as defined by section 22 (a), Internal Revenue Code. *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Helvering* v. *American Chicle Co.*, 291 U. S. 426. And it is not to be excluded therefrom as a gift under section 22 (b) (3), because:

* * * the seller sought to get as high a price as he could * * * and the buyer sought to pay as low a price as he could. * * * There is nothing in the evidence or findings to indicate that he [the seller] intended to transfer or did transfer something for nothing * * * [*Commissioner* v. *Jacobson*, 336 U. S. 28.]

But at the time that petitioner made the compromise settlement, its obligations were in excess of $37,000 and the book value of its assets

was only $31,393.97. It was apparently insolvent, and in such a situation the discharge of the Watzek notes released assets only to the extent that the value of assets remaining in petitioner's hands after the settlement exceeded its remaining obligations. Only this excess may be deemed income subject to tax. *Texas Gas Distributing Co.*, 3 T. C. 57; *Lakeland Grocery Co.*, 36 B. T. A. 289. Petitioner introduced the testimony of three witnesses concerning the value of its various properties. Their testimony was vague and general in nature, but it is persuasive that petitioner's lands, buildings, and equipment, which were carried on the books at over $21,000, were worth only a fraction of that figure. We are also convinced that not more than 75 per cent of its accounts receivable of $3,908.94 could be collected. We have found that the total value of assets after discharge of the $26,000 debt did not exceed $11,000. As remaining obligations exceeded this amount, no assets were freed from the claims of creditors by discharge of the notes, and the Commissioner erred in including the $25,500 in petitioner's taxable income. *Dallas Transfer & Terminal Warehouse Co.* v. *Commissioner* (C. C. A., 5th Cir.), 70 Fed. (2d) 95; *Main Properties, Inc.*, 4 T. C. 364; *Highland Farms Corporation*, 42 B. T. A. 1314; *Madison Railways Co.*, 36 B. T. A. 1102.

Petitioner assigned as a second error the Commissioner's failure to allow deduction of a net operating loss carry-over in the amount of $16,675.29 for 1941. The parties are agreed on petitioner's right to such a deduction in case the prior issue is decided in petitioner's favor. It should accordingly be reflected in a recomputation of the tax.

Reviewed by the Court.

*Decision will be entered under Rule 50.*