T.C. Memo. 1996-241

UNITED STATES TAX COURT

BEN COX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18559-93.                    Filed May 23, 1996.

Ben Cox, pro se.

<u>Reginald R. Corlew</u> and <u>Stephen R. Takeuchi</u>, for respondent.

MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioner's Federal income tax for 1990 in the amount of $2,047.  The sole issue for consideration

_____

[1]    All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

is whether petitioner failed to report commissions earned from prior sales of life insurance policies in the amount of $7,266.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein. Petitioner resided in Jasper, Florida, at the time he filed his petition.

Petitioner has been employed as a mechanic for Occidental Chemical Phosphate Co. for more than 22 years. In 1988, he was hired by Massachusetts Indemnity and Life Insurance Co. (MILICO) as an independent contractor sales representative to sell life insurance policies. Petitioner worked for MILICO from 1988 until the end of 1989.

Karen Wilson (Ms. Wilson) is vice president of Primerica Life Insurance Co., formerly known as MILICO prior to a corporate name change effective July 1, 1992. In this capacity, Ms. Wilson executed an affidavit that was received into evidence wherein she detailed the compensation procedure for MILICO's independent contractor sales representatives:

3.

Cash payments are made to sales representatives in two forms. First, upon receipt of an application for insurance, Primerica Life advances a portion of the commissions that are expected to become earned, assuming a policy is issued and remains in force. The money advanced on each application is a loan and, as such, is not reported as income for the sales representative unless and until the commission income actually becomes earned by virtue of the policyholder continuing to pay premiums.

4.

The second form of payment to sales representatives is net earned commissions. Earned commissions are calculated on a policy-by-policy basis as premiums are paid by policyholders. Earned commissions are applied in the following order: (1) to recover outstanding loans in the form of advance commissions; (2) to reimburse Primerica Life for advanced business expenses such as license fees, etc.; and (3) to cover outstanding loans that have been charged to the sales representative's account ("chargebacks"). Net earned commissions credited during any calendar year to a sales representative's account are reported to the IRS as income on Form 1099-MISC.

Ms. Wilson further stated that "the obligation to pay commissions attributable to the sale of MILICO insurance products was the responsibility of MapleLeaf Insurance Services" (MapleLeaf).

Petitioner testified that upon selling an insurance policy, he received an immediate advance equal to a percentage of the premiums due on the policy and was entitled to keep this amount if and only if the policy was held by the insured for a minimum of 7 months. According to Ms. Wilson's affidavit, the advances were intended as loans, and there was an unconditional personal obligation on the part of petitioner to repay the advances either with the future commission, credited to his account after the relevant 7 months elapsed, or out of his personal funds. The advances were not reported by MapleLeaf to the IRS as income on Form 1099-MISC until the 7 months elapsed, and petitioner had an unconditional right to the funds or their equivalent.

A financial analysis schedule for petitioner, generated by MILICO on December 30, 1992, and received into evidence, reflects the following information:

| Year | Life Insurance[1] Checks Issued | Earnings[2] Rep. on 1099 | Net Difference |
|------|-------------------------------|-------------------------|----------------|
| 1988 | $12,232.64 | $6,098.68 | ($6,133.96) |
| 1989 | 11,113.71 | 11,210.23 | 96.52 |
| 1990 | 128.44 | 7,266.75 | 7,138.31 |
| 1991 | 333.06 | 210.22 | (122.84) |
| 1992 | 360.84 | -0- | (360.84) |
| Total | 24,168.69 | 24,785.88 | 617.19 |

[1] Represents advances made to petitioner during year.
[2] Represents commissions credited to petitioner's account after right to funds became unconditional.

On his 1988 and 1989 Federal income tax returns, petitioner reported as commission income only the amounts reported on the Forms 1099 issued by MapleLeaf. Petitioner did not report any commission income received from MapleLeaf on his 1990 return. In the notice of deficiency, respondent determined that petitioner failed to report income in 1990 of $7,266.75. Respondent further determined that petitioner was entitled to a deduction for self-employment tax in the amount of $517. Respondent concedes that if we find petitioner failed to report income as determined, he is entitled to deductions for chargeback expenses of $1,526 and miscellaneous expenses of $115.

Petitioner concedes that he received the amounts reflected in the second column of the above schedule for the corresponding

years, and that he paid tax only on the amounts reflected in the third column. Nevertheless, he contends that only $128.44 of the amount reported on the Form 1099 for 1990 is taxable income in 1990 because he received the remainder thereof in prior years; namely, 1988 and 1989.

Section 61(a)(1) specifically provides that gross income includes income from whatever source, including commissions from the sale of life insurance. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). In general, proceeds of a loan do not constitute income because the benefit is offset by an obligation to repay. United States v. Rochelle, 384 F.2d 748, 751 (5th Cir. 1967); Milenbach v. Commissioner, 106 T.C. 184 (1996).

Although petitioner's employment with MILICO terminated in 1989, he continued to earn commissions on policies sold by him prior to his departure. Instead of paying these commissions to petitioner, MapleLeaf credited his outstanding advances account in accordance with its agreement with MILICO. When the advances were made to petitioner, he was not taxable on them because they were in effect loans. See Beaver v. Commissioner, 55 T.C. 85, 91 (1970). However, when the commissions earned by him in 1988 and 1989 were credited to his account, petitioner's obligation to repay the loans was reduced by that amount, and the reduction of that obligation did constitute the receipt of taxable income.

Newmark v. Commissioner, 311 F.2d 913, 915 (2d Cir. 1962), affg. T.C. Memo. 1961-285.

Moreover, it is well settled that gross income includes income from the discharge of indebtedness. Sec. 61(a)(12); Commissioner v. Jacobson, 336 U.S. 28 (1949); Helvering v. American Chicle Co., 291 U.S. 426 (1934); United States v. Kirby Lumber Co., 284 U.S. 1 (1931). The evidence in this case makes it clear that petitioner owed money to MILICO on account of the advances he received in 1988 and 1989, and that a portion of such debt was discharged in the taxable year at issue. Therefore, the amount of debt discharged in favor of petitioner constitutes income to him for 1990 as determined by respondent. Petitioner was not taxed on the advances when received, but he is taxable on the discharge of the obligation to repay them.

Based on the foregoing, we hold that petitioner failed to report commission income in the amount determined by respondent. In order to account for chargeback expenses of $1,526, and miscellaneous expenses of $115, as conceded by respondent,

Decision will be entered

under Rule 155.