NORFOLK SOUTHERN RAILROAD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40024. Promulgated March 21, 1932.

*Hugh C. Bickford*, Esq., *R. Kemp Slaughter*, Esq., and *W. B. Rodman*, Esq., for the petitioner.
*J. T. Haslam*, Esq., for the respondent.

OPINION.

SMITH: The respondent determined a deficiency in the tax upon the consolidated net income of the petitioner and certain affiliated corporations for the taxable year 1924 and asserts $43,095.89 of the deficiency against the petitioner. The petitioner alleges that:

(a) The. Commissioner has erroneously held that $60,430.75 accruing to the petitioner on account of the payment and retirement during the calendar year 1924 of certain bonds of petitioner, being the difference between the face or par value of said bonds and the amount at which, during the calendar year 1924, the said bonds were paid and discharged, represents a profit and taxable income.

The case was submitted upon the following stipulation:

The petitioner is a corporation organized under and by virtue of the laws of the State of Virginia, with its principal office at Norfolk, Virginia. It is engaged in the business of a common carrier, its system of accounting is the accrual basis and is that prescribed by the Interstate Commerce Commission, and it is subject to the Act of Congress known as the "Act to Regulate Commerce" and the acts amendatory thereof and supplementary thereto.

*Alleged Profit on Acquisition and Retirement of Bonds*

That as of February 1, 1911, Norfolk Southern Railroad Company created its First and Refunding Mortgage to secure an issue of 50-year 5% Gold Bonds with a par value of $1,000.00 each; that on January 1, 1924, there was outstanding in the hands of the public a large number of said bonds; that during the year 1924 the trustee in said mortgage having in hand funds arising from the redemption of John L. Roper Lumber Company bonds pledged under the trust and/or from the sale and release by the trustee of the property subject to the trust, constituting that part of the sinking fund required to be used in redeeming bonds, purchased from the public 189 of the said 50-year 5% Gold Bonds having an aggregate par value of $189,000, paying therefor the sum of $128,-569.25; that the trustee cancelled said $189,000 bonds and, upon written demand, delivered them to the petitioner in 1924; that the petitioner made entries in its books of accounts in 1924 to record said purchase and cancellation and to place in its profits and loss account a credit of $60,430.75, being the difference between $189,000 the par value of said bonds, and $128,569.25, the cost thereof; that the petitioner returned as taxable income in the year 1924 the said $60,430.75, which has been included by the respondent in the taxable income of the petitioner for the year 1924.

A copy of the said First and Refunding Mortgage dated February 1, 1911, is attached hereto, is made a part hereof, and is marked Exhibit A.

The 189 said bonds were originally issued and sold by the petitioner on the dates, in the amounts, and for the cash consideration as follows:

| Date of sales | Number of bonds sold | Par value | Cash consideration | Discount |
|---|---|---|---|---|
| May 11, 1911 | 89 | $89,000.00 | $80,990.00 | $8,010.00 |
| May 24, 1912 | 2 | 2,000.00 | 1,900.00 | 100.00 |
| Feb. 10, 1913 | 90 | 90,000.00 | 84,600.00 | 5,400.00 |
| Jan. 28, 1914 | 8 | 8,000.00 | 7,520.00 | 480.00 |
| Total | 189 | 189,000.00 | 175,010.00 | 13,990.00 |

Of the $13,990.00 discount, the petitioner has amortized $3,568.32 during the period the said 189 bonds were outstanding, and in determining taxable net income has deducted from gross income of each of the respective years, that portion of the discount applicable thereto. The amortized portion of the discount deducted from gross income of the year 1924 was $177.63.

All of said claimed deductions from gross income of the amortized discount have been allowed by the Commissioner of Internal Revenue. The data with respect to the purchase of the said $189,000 par value of bonds are as follows:

| Month | Number of bonds | Par value | Cost |
|---|---|---|---|
| April | 30 | $30,000.00 | $20,112.50 |
| May | 20 | 20,000.00 | 13,330.00 |
| June | 7 | 7,000.00 | 4,683.00 |
| July | 20 | 20,000.00 | 13,717.50 |
| August | 35 | 35,000.00 | 23,890.00 |
| September | 52 | 52,000.00 | 35,633.75 |
| October | 25 | 25,000.00 | 17,202.50 |
| Total | 189 | 189,000.00 | 128,569.25 |

It is agreed that if it is ultimately determined that the petitioner erroneously included the amount of $60,437.25 (the difference between $189,000 and $128,569.25), or $50,009.07 (the difference between $178,578.32 (the sum of $175,010.00, cash received at sale, and $3,568.32 discount amortized) and $128,569.25), or any part thereof, in its taxable income for the year 1924, then, in that event, the consolidated taxable net income for the year 1924, as determined by the Commissioner of Internal Revenue, and stated in the deficiency letter of July 5, 1928, in the amount of $350,124.00, should be reduced by the amount determined by the Board to have been erroneously included therein.

On brief, the petitioner attempts to distinguish the instant proceeding from *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, in which the Supreme Court held that the taxpayer realized income upon the purchase of some of its bonds at a price less than the amount received upon the issuance of such bonds. The only distinction that we see in the two cases is that here the bonds were issued several years prior to the taxable year in which they were purchased, whereas in the *Kirby Lumber Co.* case the bonds were issued and purchased in the same taxable year. In *Consolidated Gas Co. of Pittsburgh*, 24 B. T. A. 901, 905, we considered this distinction and said:

\* \* \* But it does not appear that this fact made any difference in the opinion of the Supreme Court for the regulations, which were approved as the correct statement of the law, do not make any distinction in this connection. Nor did the court find any difficulty in the fact that the taxpayer received no money or property in the year. In the *Kirby Lumber Co.* case the court remarked that there was no shrinkage of assets. \* \* \*

In the *Consolidated Gas Co.* case certain " refunding bonds," issued in 1898, were repurchased in the taxable years at less than the price at which they were issued, and it did not appear that the result of the whole transaction was a loss. In the instant case, certain " re-

funding bonds " were issued in 1911, 1912, 1913, and 1914 and repurchased in the taxable year at less than the price at which they were issued. There appears to have been no shrinkage in petitioner's assets, heretofore offset by this bond obligation, and it does not appear that the result of the whole transaction was a loss. Thus, the two cases are distinguishable from *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, and the petitioner's contention that the instant proceeding is controlled by that decision is untenable. The amount of income realized by petitioner in 1924 is $50,009.07, the difference between the amount received upon issuance of the bonds, plus the amortized discount allowed as a deduction from its gross income, and the amount paid for these bonds in the taxable year. *United States* v. *Kirby Lumber Co.*, supra; *Consolidated Gas Co. of Pittsburgh*, supra; *Woodward Iron Co.*, 24 B. T. A. 1050.

*Judgment will be entered under Rule 50.*