INDIANA LAMP CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52761.   Promulgated June 22, 1933.

*Frank S. Bright, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

## OPINION.

LANSDON: The petitioner's claim for deductions in the respective amounts of $17,485.46 and $5,900 arises out of the liquidation of its bonds as provided for in an accomplished merger agreement under which all its stock was acquired by the Allied Products Corporation. As to the first item claimed the petitioner relies on *S. & L. Building Corp.*, 19 B.T.A. 788, which we have since followed in *Metropolitan Properties Corp.*, 24 B.T.A. 220, and *East Ninth Euclid Co.*, 26 B.T.A. 32. Respondent contends that under the terms of the merger agreement the Allied Products Corporation appears to have

assumed the rights and obligations of the petitioner, which therefore is not the party in interest entitled to claim the deductions here in controversy. In our opinion this conclusion is not consistent with the stipulated facts. With cash furnished to it under the terms of the merger agreement, the petitioner redeemed its bonds and ended the life thereof on October 9, 1928. Apparently the respondent's theory is that the cost of such redemption was borne by the Allied Products Corporation. We think not. Under the agreement the redemption was not effected through direct payments by the Allied Products Corporaton to the bondholders, but with funds that such corporation was required to furnish the petitioner for that purpose. After the redemption of the bonds at October 9, 1928, it was impossible for the petitioner or Allied Products Corporation to continue amortization of the discount, since their life was then terminated. We are of the opinion that the unamortized discount thereon was deductible in its entirety from petitioner's income in the taxable period in which the bonds were redeemed. In conformity with *Chicago, Rock Island & Pacific Ry. Co.*, 13 B.T.A. 988, the expenses of the bond issue are also amortizable and deductible as above decided. This reasoning and conclusion is also applicable to the petitioner's claim for the deduction of the unamortized discount and cost of issue of the petitioner's notes which, at the same date, were retired by issue of the stock of the Allied Products Corporation to the holders thereof. On these two issues the determinations of the respondent are reversed.

Under the terms of the agreement the petitioner was required to pay the redemption premiums and the unpaid interest due on the bonds at date of retirement. Interest, of course, is a deductible expense. The amount of $5,900 paid as redemption premiums is a loss sustained by the petitioner in the purchase and retirement of its own bonds. In *Kirby Lumber Co.* v. *United States*, 284 U.S. 1, the Supreme Court held that a corporation may realize profit from a transaction in its own bonds. We think it follows that in such circumstances a loss may be sustained. On this issue the respondent is reversed.

The petitioner's claim that it is entitled to deduct the net loss sustained by its subsidiary corporation in 1927 from the consolidated net income of the two corporations in 1928, is without merit. On this question the determination of the respondent is affirmed. *Woolford Realty Co.* v. *Rose*, 286 U.S. 319.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

SMITH and MURDOCK dissent.