GENERAL UTILITIES & OPERATING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52770. Promulgated January 30, 1934.

*R. Kemp Slaughter, Esq., Hugh C. Bickford, Esq.,* and *Joseph A. Slattery, Esq.,* for the petitioner.

*William E. Davis, Esq.,* and *Paul E. Waring, Esq.,* for the respondent.

## OPINION.

ARUNDELL: The respondent has determined that income was realized from the transactions detailed in the findings of fact and has asserted a tax thereon. His theory is that upon the declaration of the dividend on March 22, 1928, petitioner became indebted to its stockholders in the amount of $1,071,426.25, and that the discharge of that liability by the delivery of property costing less than the amount of the debt constituted income, citing *Kirby Lumber Co.* v. *United States*, 284 U.S. 1.

There are a number of decided cases somewhat similar to this, in some of which it has been held that the distributions resulted in gain or loss to the distributing corporation. See *Callanan Road Improvement Co.*, 12 B.T.A. 1109; *Bacon-McMillan Veneer Co.*, 20 B.T.A. 556. In those cases the dividend resolutions were construed as declaring dividends in definite amounts "*before* the property was distributed in kind." *Bacon-McMillan Veneer Co.*, *supra*, p. 559. In this last cited case it was further said:

If, on the other hand, instead of providing for a definite percentage in the way of a dividend, if the resolution had merely provided that the Liberty bonds should be distributed by way of dividends, a different situation would

have been presented which is clearly distinguishable from the case we have before us.

A situation like that mentioned in the quotation just given was present in *First Utah Savings Bank*, 17 B.T.A. 804; affd., 53 Fed. (2d) 919. There the banking corporation owned the stock of another company, which stock was held by trustees, and the bank's directors by resolution directed the trustees "to deliver as a dividend" a designated number of shares of the stock. "No cash dividend had been declared by the bank as a part of this transaction." 53 Fed. (2d) 920. The stock at the time of distribution was worth less than cost. We held:

The petitioner, by resolution of its board of directors, of October 17, 1922, only incurred an obligation to distribute the 9,000 shares of Amalgamated Sugar Co. stock to its stockholders, which obligation it fully discharged without loss to it, by making the distribution of the stock as directed.

The facts in this case are somewhat analogous to those in *Hollenberg Music Co.*, 6 B. T. A. 421, 425, wherein we said—referring to a dividend declared by the petitioner:

\* \* \* If, as the resolution of February 6, 1917, indicates, the petitioner merely distributed the property interest along with other dividends, we are unable to see that loss, contingent or otherwise, resulted from the distribution. \* \* \*

The Court of Appeals of the District of Columbia in affirming our decision said:

It is true that the rule hereby adopted leads to an anomalous result, inasmuch as appellant at the time of transferring the stock had suffered an actual loss of value measured by the difference between the cost of the transferred stock and its then market price, for which no deduction is allowed. But, on the other hand, according to the same rule if the transferred stock had enhanced in value between its purchase and transfer no taxable gain would have been charged against the corporation because of that fact.

From the above cases the rule is deducible that, where the dividend resolution imposes only the obligation to distribute in kind and it is discharged in that way, no gain or loss results to the corporation. Counsel for respondent in his brief concedes this to be the correct view.

Our question then is to determine whether the resolution of March 22, 1928, was one declaring a dividend of an amount of money, or whether it declared a dividend payable in stock of the Islands Edison Co. The second paragraph of the resolution opens with the statement: "That a dividend in the amount of $1,071,426.25 be and it is hereby declared on the common stock of this Company \* \* \*." The respondent would have us stop reading here. This, however, is only part of the resolution, and the part that immediately follows is of equal importance. The

next clause limits as clearly as words can the medium of discharge of the dividend liability. Without separation by as much as a punctuation mark from the part of the resolution just quoted, the words are: "payable in common stock of the Islands Edison Company * * *." Where the method of payment is prescribed a stockholder is not entitled to payment in some other form. In *State* v. *B. & O. R.R.*, 6 Gill, (Md) 363, the railroad company had declared a dividend, payable in cash to holders of less than 50 shares, and payable part in cash and part in its own bonds to holders of 50 shares or more. The State of Maryland, being the owner of more than 50 shares, sued for a cash payment of the entire amount. The court denied recovery, saying in part:

It is immaterial in our view of the subject, whether the declaration of a dividend constitutes a contract, or is to be considered in the light of a performance of a duty. In either case, *it is to be taken as it emanates from the board. A part of it cannot be taken and the rest discarded.* It cannot be said you have declared three per cent. and we will have the money, although in the very declaration, they say they can only pay you in liabilities of the company. (P. 386.)

The intent of the directors of petitioner was to declare a dividend payable in Islands Edison stock; their intent was expressed in that way in the resolution formally adopted; and the dividend was paid in the way intended and declared. We so construe the transaction, and on authority of *First Utah Savings Bank, supra,* we hold that the declaration and payment of the dividend resulted in no taxable income.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

BLACK, LANSDON, STERNHAGEN, MURDOCK, SEAWELL, and ADAMS dissent.