MARBARA CORPORATION, (FORMERLY NEWPORT WATER CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67870.  Promulgated September 8, 1937.

*J. R. Harmon, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

OPINION.

ARUNDELL: The first step in the several transactions outlined that is of moment in these proceedings is the purchase by the petitioner of stock of the two old Rhode Island companies for $3,314,490.15 cash. Thereafter, through exchanges and liquidations, pursuant to plans of reorganization, it acquired in place of that stock the bonds and the stock of the newly organized Rhode Island corporation. It is stipulated that the exchanges and liquidations took place pursuant to plans of reorganization and counsel for the parties are in agreement that there was no gain or loss to the petitioner on those transactions whereby the new bonds and stock were acquired in place of the stock of the old Rhode Island companies. It follows that the basis to the petitioner for gain or loss on the new bonds and stock together is the same as the basis of the stock of the old Rhode Island companies in its hands, which basis is the cost thereof in the amount of $3,314,490.15.

The next step, and the one which gives rise to the controversy here, is the exchange by the petitioner of a part of the new bonds for its own bonds outstanding in the hands of the public. On this transaction the petitioner says it sustained a loss. It has been held the sale of bonds acquired in the manner that the new bonds were acquired by this petitioner may result in gain or loss. *Ohio Central Telephone Co.*, 28 B. T. A. 96. In that case the taxpayer acquired for cash all the stock of six corporations. The six corporations exchanged all their assets for preferred and common stock and bonds of a seventh; the six distributed the stock and bonds so received to the taxpayer, and the taxpayer sold all of the bonds and

the preferred stock to outside interests for an amount which exceeded by $163,090.86 the cost of the stock of the six corporations. We held: (1) That the sale of the preferred stock was a non-taxable transaction by reason of the affiliation of the taxpayer and the seventh corporation; (2) that the sale of bonds was a taxable transaction, following *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; (3) that the entire gain of $163,090.86 should be included in income because of the taxpayer's failure to establish the cost, separately, of the stock and bonds. Sales and exchanges are treated alike by the statute, save for the enumerated non-recognition situations, and the exchange in this case is to be treated as the sale was in the *Ohio Central Telephone* case, that is as resulting in gain or loss. Neither party points to any of the non-recognition provisions as applicable to the exchange of the new bonds for petitioner's bonds and we are of the opinion that none of them do apply.

The point wherein this case differs from that of the *Ohio Central Telephone* case is that here the petitioner has made an allocation of cost among the three classes of securities of the new Rhode Island Corporation. It works out the allocation this way: $42,500 face value of the bonds were sold at an average price of 96.6; 3,250 shares of the 10,000 preferred shares were sold at $90 per share; all of the 10,000 common shares were sold for $555,000. This establishes the aggregate market value of the three classes of securities to be as follows:

| | |
|---|---:|
| Bonds, $1,700,000 face value | $1,642,200 |
| Preferred stock, 10,000 shares | 900,000 |
| Common stock, 10,000 shares | 555,000 |
| Total | 3,097,200 |

On these figures the ratio of the value of the bonds ($1,642,200) to the total value ($3,097,200) is 53.02 per cent. Applying this percentage to the carried over basis of $3,314,490.15 (original cost of the old securities) gives a basis of $1,757,342.67 applicable to the $1,700,000 face value of new bonds, which amounts to $103.37 for each $100 face value. The figure of $103.37 applied to the $1,660,800 face amount of new bonds exchanged for a like face amount of old bonds gives a total basis for such new bonds of $1,716,768.96. On the issue of old bonds at 93 the petitioner realized $1,544,544. The difference between the amount realized on the sale of the old bonds and the basis of the new bonds exchanged therefor represents a loss to the petitioner. That difference amounts to $172,224.96. However, that loss should be offset by the amount of amortization taken as a deduction in petitioner's return, $4,650.24, leaving $167,574.72 as the net amount of loss sustained and deductible.

*Decision will be entered under Rule 50.*