HUMMEL-ROSS FIBRE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93077. Promulgated October 25, 1939.

*Frank J. Albus, Esq.*, and *James H. Rindfleisch, C. P. A.*, for the petitioner.

*R. M. McMillan, Esq.*, for the respondent.

822

**OPINION.**

LEECH: Respondent disallowed petitioner's deduction of $18,186.67 as accrued interest. He did not question in his deficiency notice, nor has he since questioned, either the fact or the propriety of the accrual of this amount as interest. Both are apparently conceded.

He supports the disallowance only on the ground that, though this interest was properly accrued, it was never paid, but, after its accrual, it was forgiven and canceled during the taxable year.

The Revenue Act of 1934 is controlling. Section 23 (b) provides that, in computing net income, "All interest paid or accrued within the taxable year on indebtedness * * *" is deductible.

It is clear that payment of accrued interest is not a necessary premise to its deduction under the quoted section.[1] The contention that petitioner's liability or obligation to pay the accrued interest was forgiven and so canceled during the tax year is not supported by the evidence. We think this record discloses conclusively that the obligations evidenced both by the bond and interest coupon, were both, in fact, transferred to petitioner, for one consideration, i. e., preferred stock. We have so found as a fact.

But that exchange occurred after the right to deduct the admittedly properly accrued interest was complete, under the quoted statutory provision.

It may be observed that respondent has not attempted to tax gain to petitioner on this exchange. The reason, obviously, is that, though petitioner's satisfaction of the bond and the then accrued interest obligations, by transfer of its preferred stock, may have resulted in a realized gain to petitioner in the sum of the difference between the then fair market value of the stock and the amount of those obligations [2]—the realization of gain here is immaterial. The exchange in which that transfer occurred was a statutory reorganization under section 112 (g) (1) of the Revenue Act of 1934, and petitioner was a party thereto, since the reorganization consisted of a recapitalization of petitioner. *Wesley V. E. Terhune*, 40 B. T. A. 750, and cases cited therein. The exchange was an essential part of that reorganization and the plan including it. Consequently, gain, even if thus realized, was not recognized. Revenue Act of 1934, sec. 112 (b) (3).

*Decision will be entered under Rule 50.*

---

[1] This is not so, however, under the Revenue Act of 1937. By virtue of an amendment contained in section 301 of that act, no deduction of accrued interest, under section 23 (b), is permissible "If not paid within the taxable year or within two and one half months after the close thereof."

[2] See *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Commissioner* v. *AutoStrop Safety Razor Co.*, 74 Fed. (2d) 226.