PINKNEY PACKING COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 88924. Promulgated September 27, 1940.

*Harris M. Kimbrough, Esq.*, for the petitioner.
*Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

TURNER: The respondent's theory of the case, as stated on brief, is that petitioner, a solvent debtor, was under obligation to make payment for property purchased by it, that it satisfied this obligation (the notes) by paying less than the face value thereof, that the property remained in its possession and continued to be of a value sufficient to pay the obligation, and that it therefore realized taxable income in an amount equal to the difference between the face value of the obligation and the amount paid for its satisfaction, or $50,000. He states that his contention is fundamentally based on the decision of the Supreme Court in *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, and cites and discusses the line of cases applying that decision, with particular reliance on *L. D. Coddon & Bros., Inc.*, 37 B. T. A. 393.

The petitioner has presented argument on two points. First, it contends that the transaction was executory from the time the negotiations were carried on for the purchase of the plant until petitioner paid $75,000 in cash and was released from the $125,000 indebtedness, that the cash payment and release from the indebtedness was in effect and substance a revision of the original "credit" purchase price of the property and the substitution of a "cash" price therefor, thereby reducing the cost basis or price of the plant to petitioner without resulting in any taxable gain; and, second, petitioner contends that it realized no taxable profit from the transaction for the reason that at the time the property was purchased it was not worth more than $50,000 and that when it procured absolute title to same by paying $75,000 cash in lieu of paying the two notes aggregating $125,000, it merely procured a reduction of the loss which it would have sustained if it had paid the face amount of the notes, or, in other words, there was merely a reduction of liability and a consequent diminution of loss.

In our opinion the petitioner's first contention is sound. The facts show that what took place in 1934 was an adjustment for cash in the purchase price of the packing plant property in accordance with the understanding of the parties at the time the original agreement was entered into in 1930 and was not a transaction which falls within the rule laid down in *United States* v. *Kirby Lumber Co.*, *supra*, as the respondent contends. The respondent argues that, inasmuch as the understanding with Fuqua as to the cash consideration was oral and did not appear in any of the written instruments executed when the agreement was reached in 1930, it was not enforceable and can not therefore have any bearing on the issue here. Such an argument is, in our opinion, beside the point, for in 1934, when petitioner was in a position to make payment for the property in cash, the holders of the notes recognized the understanding reached with Fuqua as to the fixing of a cash price as distinguished from and in an amount substantially less than the time payment price of $125,000 and the actual purchase price was then negotiated and agreed upon. The conveyance of the property executed by the Western Packing Co. under date of August 22, 1930, recited the retention of the vendor's lien and provided that the deed should become absolute when the payments were made. The written assignment of the original note to the Western Stockyards Co. and the deeds of trust from petitioner to Fuqua specifically recognized the original note and the renewal or extension notes as being supported by the vendor's lien. The facts of record, in our opinion, clearly indicate, as the petitioner contends, that the purchase of the packing plant property was not fully accomplished until the payment of the $75,000 in cash and the execution

of the release on December 27, 1934. Accordingly we do not have here the satisfaction of an indebtedness for a lesser amount as in *L. D. Coddon & Bros., Inc., supra*, and *Commissioner* v. *Coastwise Transportation Corporation*, 71 Fed. (2d) 104, also strongly relied on by the respondent, but merely the payment of the purchase price for the property as finally agreed upon by the parties in interest, and petitioner realized no income therefrom. See *Cherokee Co.*, 41 B. T. A. 1212.

By amended answer the respondent affirmatively alleged that, in the event the petitioner is sustained on the issue considered and disposed of above, the cost basis of the plant should be reduced for the purpose of computing the depreciation thereon. By stipulation the parties have agreed on the facts necessary for making a proper adjustment thereon and effect will be given to the stipulation upon recomputation herein.

Respondent also alleged in his amended answer that a loss deduction in the amount of $1,833.33 claimed by the petitioner for an abandoned well should be disallowed in the amount of $833.34. He presented no evidence or argument as to this issue and it will be regarded as having been abandoned.

Another issue raised in the amended answer relating to the deduction of processing taxes paid by petitioner was waived by the respondent at the hearing.

*Decision will be entered under Rule 50.*