A. L. KILLIAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98691.  Promulgated April 10, 1941.

*George E. H. Goodner, Esq.,* for the petitioner.
*Benjamin L. Bird, Esq.,* for the respondent.

OPINION.

TURNER: The petitioner contends that the transaction in 1935 whereby its notes in the sum of $80,000 given as part of the purchase price of the Mathewson property were canceled upon the payment of $5,000 in cash and the execution of new notes in the sum of $55,000 constituted an adjustment or reduction in the purchase price of the property; that the value of the property at that time had shrunk to $50,000; and that such transaction did not result in the realization of taxable income, but only in a reduction of liability and a consequent diminution of loss. It relies on *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170; *Hextell* v. *Huston*, 28 Fed. Supp. 521; appeal dismissed on motion of Government, 107 Fed. (2d) 1016; and *Borin Corporation*, 39 B. T. A. 712; affd., 117 Fed. (2d) 917. Petitioner also quotes an excerpt from *Palmer* v. *Commissioner*, 302 U. S. 63, which involved substantially different facts but wherein the Supreme Court said that "one does not subject himself to income tax by the mere purchase of property, even if at less than its true value, and that taxable gain does not accrue to him before he sells or otherwise disposes of it."

The respondent contends that the transaction in 1935 constituted a cancellation of a part of petitioner's indebtedness; that its obligation to pay this indebtedness was absolute; that it was not insolvent or financially embarrassed; that the property remained in its possession and continued to have a fair market value of not less than $60,000; and that it therefore realized taxable income in the amount of the canceled indebtedness, or $20,000. Among other cases he cites *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Commissioner* v. *Coastwise Transportation Co.*, 71 Fed. (2d) 104; certiorari denied, 293 U. S. 595. He relies particularly on *L. D. Coddon & Bros., Inc.*, 37 B. T. A. 393, and *Kalman Hirsch*, 41 B. T. A. 890.

We think the petitioner's contention must be sustained. We are convinced that the transaction in 1935 amounted to nothing more than a reduction in the purchase price of the property. While it did result in a reduction in the amount of petitioner's indebtedness, that fact standing alone does not establish that petitioner realized taxable

income. All the facts must be considered in the determination of that question.

The present case is distinguishable from and is not controlled by *L. D. Coddon & Bros., Inc., supra*. In that case the value of the property at the time of the transaction was sufficient to pay the indebtedness, whereas in the present case the value of the property was not in excess of the reduced purchase price. This factual distinction was recognized in the *Coddon* case, *supra*, and the very question now present in the instant case was left open in that case. *Commissioner* v. *Coastwise Transportation Co., supra*, is likewise distinguishable.

The respondent states on brief that no distinction is perceived between the present case and the recent case of *Kalman Hirsch, supra*. We agree with that statement, but since the filing of briefs our decision in that case has been reversed by the Circuit Court of Appeals for the Seventh Circuit, 115 Fed. (2d) 656. There the petitioner purchased real property for $29,000. Partial payments were made until the taxable year, at which time the balance remaining due was $15,000. At that time the property had depreciated in value to $8,000 and petitioner began negotiations with the mortgagee for settlement. He offered to convey the property to the mortgagee in full satisfaction of the debt. The creditor refused, but said he would take $8,000 in payment of the balance of $15,000 remaining due. This proposal petitioner accepted and upon receipt of $8,000 the mortgagee released the mortgage. The court held that the cancellation of that portion of the indebtedness did not result in income, but was equivalent to a voluntary reduction of the purchase price, and that gain or loss would not result to petitioner until he disposed of the property. Following that decision, we hold that the transaction in question amounted to a reduction in the purchase price of the property and resulted in no taxable gain to petitioner. On a similar set of facts the same conclusion was reached in *Hextell* v. *Huston, supra*. See also *Borin Corporation, supra*, and *Pinkney Packing Co.*, 42 B. T. A. 823.

The petitioner contends that its contributions to the Y. M. C. A. and the chamber of commerce were items of ordinary and necessary expenses paid during the taxable year in carrying on its trade or business and hence are deductible under section 23 (c) of the Revenue Act of 1934. The respondent disallowed the deductions on the ground that they were "donations" and not ordinary and necessary business expenses.

We think the respondent erred in disallowing these deductions. The petitioner has shown that by making the contributions it was believed an increase in business would result and that a direct bene-

fit to its business in excess of the amounts contributed did result. We hold that these two items are deductible as business expenses. *Terminal Railroad Association of St. Louis*, 17 B. T. A. 1135; *Fairmont Creamery Corporation* v. *Helvering*, 89 Fed. (2d) 810; *Old Mission Portland Cement Co.* v. *Commissioner*, 69 Fed. (2d) 676; *First National Bank in St. Louis*, 23 B. T. A. 1125; and *Emery, Bird, Thayer Dry Goods Co.*, 20 B. T. A. 796. The taxpayers made no such showing in the cases relied upon by the respondent.

Another issue involving a bad debt deduction was waived by petitioner at the hearing.

*Decision will be entered under Rule 50.*