*1023 OPINION.
Smith:
The respondent argues that the petitioner constructively received dividends in the taxable years in the aggregate of the amounts paid by Kennedy & Co. in the purchase of its own stock from Kennedy Bros., Inc. (to the extent that such payments were made out of earnings), plus the dividends paid on the preferred stock by Kennedy & Co. to Kennedy Bros., Inc. His contention is that Kennedy & Co. in effect distributed its earnings as dividends to the petitioner, the owner of its common stock, and the petitioner used these distributions to satisfy its obligation to purchase the preferred stock; but by means of a short cut, i. e., the direct payment by Kennedy & Co. to Kennedy Bros., Inc., the petitioner avoided the necessity of reporting the dividends as income. That there was no actual distribution of earnings to the petitioner- is immaterial, it is argued, because the same result was achieved by what was done; the earnings of Kennedy & Co. were distributed, the seller received the money for the stock, and the obligation of the petitioner to pay for the stock was reduced in a corresponding amount. The respondent concludes that this satisfaction of the petitioner’s obligation by another corporation constituted income to the petitioner in accordance with the principle of United States v. Kirby Lumber Co., 284 U. S. 1.
The fallacy in respondent’s argument is that the petitioner in fact had no absolute obligation to purchase the stock from Kennedy Bros., Inc. Its obligation with respect to the preferred stock was precisely as outlined in the contract which was executed in 1929. That contract provides that the petitioner “will purchase or cause’ to be purchased” and “the Seller will sell” the stock to the petitioner or to any other person to whom it may desire to sell. This contract *1024 was plainly executory and did not pass title to the stock to the petitioner. The deposit of the stock, endorsed in blank, with the escrow agent also did not pass title to the petitioner. George R. Myers, 42 B. T. A. 640. It was clearly intended that title should not pass prior to payment since the seller retained the right to sell all or any part of the stock to others at any time. The payments required by the contract were to be made to the escrow agent on or before a specified date each year. After each payment it was provided that the agent would deliver the certificates paid for to the buyer whether such buyer was the petitioner or any other person.
The facts outlined above fail to bear out the respondent’s argument that the petitioner incurred an absolute obligation under the contract executed in 1929 to pay a certain amount of cash at once and in addition to pay $1,000,000 in installments for the preferred stock of Kennedy & Co. The petitioner did incur an obligation with respect to the preferred stock it is true, but it was an obligation which by its very terms had several alternative modes of satisfaction. One possible method of satisfaction was that a third party might buy the stock and this is what actually occurred prior to the due date in each year. The obligation having been satisfied precisely in accordance with its terms, the earnings of Kennedy & Co. can not be said to have been used for the benefit of the petitioner and no income has resulted to the petitioner from the satisfaction of an obligation. Cherokee Co., 41 B. T. A. 1212; Pinkney Packing Co., 42 B. T. A. 823.
Dividends on the outstanding preferred stock of Kennedy & Co. in the amounts of $19,250 in 1936 and $10,500 in 1937 were paid to the owners of that stock, none of which was owned by the petitioner in the taxable years. There is clearly no merit in the respondent’s determination that such dividends should.be treated as income to the petitioner. Cf. Moore v. Commissioner (C. C. A., 9th Cir.), 123 Fed. (2d) 145.
The petitioner’s claim for a determination of overpayment in each of the taxable years is stated on brief to be contingent upon a finding that it received a constructive dividend as the respondent has determined. Since the respondent’s determination has not been approved, it is not necessary to consider petitioner’s claim for overpayment. However, in any event, that claim must be disallowed, since it is based on section 26 (c) (1) and (2) of the Revenue Act of 1936, which permits credits against net income for amounts which can not be distributed as dividends without violating the provisions of a written contract, and for amounts which the taxpayer is required by a written contract to set aside for the discharge of a debt. There is no contract in evidence which meets the requirements of the statute.

Decisions will be entered under Bule 50.