928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William C. LEWIS, Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 90-1100.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 On Appeal from the United States Tax Court, No. 2313-88.
 USTC
 AFFIRMED.
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Commissioner of Internal Revenue determined a deficiency in William C. Lewis's federal income tax for 1985. After concessions by the Commissioner, Lewis petitioned the Tax Court for a resolution of issues remaining in dispute. Lewis now appeals the Tax Court's judgment in so far as it is adverse to him. The Commissioner does not cross-appeal. The issues before this court are: 1) whether Lewis is entitled to a deduction for losses resulting from the foreclosure sale of his farm; 2) whether Lewis is entitled to deduct depreciation expenses for his motor home; and 3) whether Lewis is entitled to deduct home office expenses. We affirm the Tax Court.
 
 
 2
 * Travelers Insurance Company (Travelers) held a mortgage on Lewis's farm. On January 14, 1983, Lewis filed a chapter 11 bankruptcy petition, which automatically stayed foreclosure proceedings previously initiated by Travelers against Lewis's property. On February 6, 1984, Lewis and Travelers entered into a agreement whereby Lewis agreed to make certain payments to Travelers, and Travelers agreed not to take further action to foreclose the mortgage. This agreement was incorporated by reference into a judgment and order granting Travelers conditional relief from the automatic stay of its original foreclosure action. At the same time, the parties executed a consent judgment, which provided that if Lewis defaulted on the revised repayment agreement, the farm was to be sold at a foreclosure sale and the proceeds applied to Lewis's outstanding debt of $840,100 plus accrued interest. Travelers was to have no recourse against Lewis for any deficiency.
 
 
 3
 In 1985, Lewis defaulted on his payments. The farm was sold on October 15, 1985. At the time, Lewis owed Travelers $941,520. Travelers was the highest bidder and purchased the farm for $496,000. The deficiency of $445,520 was discharged, pursuant to the reorganization agreement of February 1984. On his 1985 income tax return, Lewis claimed a deduction of $33,092 for losses incurred from the sale of the farm. The Commissioner's ensuing deficiency notice disallowed this claim and determined that the amount of indebtedness discharged must be used to reduce Lewis's capital losses and the bases of his other assets. Lewis disputes the validity of the deficiency notice.
 
 
 4
 The applicable law is clear. Gross income includes income from the discharge of indebtedness. United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4 (1931). However, when a discharge occurs in a bankruptcy case, the amount of the discharge need not be included in gross income. 26 U.S.C. Sec. 108(a)(1)(B). In exchange for this tax benefit, 26 U.S.C. Sec. 108(b) requires the reduction of some of the taxpayer's other tax attributes to the extent of the amount excluded from gross income. These tax attributes are net operating losses in the year of discharge, research and general business credits, capital loss carryovers, the basis of the taxpayer's property, and foreign tax credits carryovers. Id. Sec. 108(b)(2).
 
 
 5
 The Commissioner's notice of deficiency accurately reflected the mandate of Sec. 108. Nonetheless, Lewis argues that the statute does not apply in this case. He relies on the February 1984 reorganization agreement, which specified that there had been no forgiveness of the loan under the agreement's terms. Therefore, Lewis contends, the reorganization agreement was not a discharge.
 
 
 6
 Lewis errs in looking to the reorganization agreement as the source of his discharge. Lewis was relieved of his obligations to Travelers by the foreclosure sale, not the reorganization agreement. We find no fault in the Commissioner's enforcement of Sec. 108.
 
 II
 
 7
 Lewis has also claimed a deduction for depreciation on a mobile home he has used in his business. The home was vandalized and extensively damaged in 1984 at the facility where it was stored. The damage was so severe that Lewis was not financially able to restore it until 1986. In the intervening period, which includes the 1985 tax year, the motor home was unavailable for use. Hence the Commissioner denied Lewis a depreciation deduction for that year.
 
 
 8
 Lewis cites Virginia Hotel Corp. of Lynchburg v. Helvering, 319 U.S. 523, 63 S.Ct. 1261 (1943), to argue that "[t]he fact that property devoted to business is temporarily idle doesn't prevent a deduction for its depreciation." The Commissioner, however, persuasively argues that the "idle asset" rule may be properly invoked only when the asset in question is available for use during a tax year, even if it is not actually used. See Sears Oil Co. v. Commissioner, 359 F.2d 191, 198 (2d Cir.1966); SMC Corp. v. United States, 80-2 U.S.T.C., para. 9642 (E.D.Tenn.1980), aff'd, 675 F.2d 113 (6th Cir.1982) (per curiam). Hence, we find no error in the holding of the Tax Court that Lewis was not entitled to a depreciation deduction because the damaged motor home was not available for use.
 
 III
 
 9
 The final issue in this appeal is Lewis's claim of a deduction for expenses related to his use of his home as an office. Lewis argues that all of the residential property on his farm was rented to others; therefore, he was required to use portions of the kitchen, dining room, and two spare bedrooms of his home as an office for conducting farm business.
 
 
 10
 The general rule is that a taxpayer who is an individual is not allowed a business use deduction with respect to any dwelling that the taxpayer uses as a residence. 26 U.S.C. Sec. 280A(a). However, this restriction does not apply if the claimed deduction is allocable to a portion of the dwelling unit which is exclusively used on a regular basis for the principal place of business for any trade or business of the taxpayer. Id. Sec. 280A(c)(1)(A). The exclusive use requirement obliges Lewis to devote a specific part of his residence solely to trade or business, if he is to claim a deduction. S.REP. No. 938, 94th Cong., 2d Sess. 148 (1976). In upholding the Commissioner's decision to disallow a home office deduction, the Tax Court concluded that the evidence did not support a finding that any portion of Lewis's home had been devoted exclusively to business purposes. Lewis offers us no reason to overturn this finding of fact. Accordingly, we must affirm the Tax Court on this issue, as well as on the others.
 
 
 11
 The judgment of the Tax Court is AFFIRMED.