T.C. Summary Opinion 2002-149

UNITED STATES TAX COURT

GREGORY PAUL AND DENISE M. VIOLETTE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12697-00S.                    Filed November 21, 2002.

Gregory Paul and Denise M. Violette, pro sese.

<u>Carina J. Campobasso</u> and <u>Maureen T. O'Brien</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for 1998 of $3,859. The issue for decision is whether petitioners had discharge of indebtedness income in 1998.[1]

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioners resided in Windsor, Maine.

Prior to 1996, Mr. Violette (petitioner) obtained an insurance policy from Minnesota Life Insurance Company (MLIC) which provided for payments on his loans if a disability rendered him unable to pay. Petitioner began receiving benefits pursuant to his MLIC policy on June 4, 1996. Between June 4, 1996, and April 14, 1998, MLIC made payments on petitioner's loans totaling $24,421.

Some time in 1998, MLIC determined that petitioner was not entitled to the insurance benefits he had received. It also determined that attempts at collection would be futile. For 1998, MLIC issued in petitioner's name a Form 1099-MISC, Miscellaneous Income, reporting nonemployee compensation of

---

[1] In the notice of deficiency respondent also determined that petitioners had unreported interest income, dividend income, Social Security income, and an early withdrawal penalty. Because petitioners have not questioned these determinations they are deemed to have conceded their correctness. See Rule 34(b)(4); Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988); Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976).

$22,905.[2]  Petitioner concedes that MLIC made the payments on his loans.  Petitioners did not report the amount on their Federal income tax return for 1998.  Petitioner was prosecuted for, and pleaded guilty to, 20 counts of defrauding credit unions and insurance companies, including MLIC.

## Discussion[3]

Respondent argues that the Form 1099-MISC from MLIC reports an amount that represents a discharge of petitioner's indebtedness.  Petitioner argues that he did not receive the Form 1099-MISC, and therefore any income it reports is not includable in income.

Section 61 defines gross income as "all income from whatever source derived".  Section 61(a)(12) provides that gross income specifically includes amounts received from a discharge of indebtedness (DOI).  A taxpayer may realize DOI income by paying an obligation at less than its face value.  United States v. Kirby Lumber Co., 284 U.S. 1 (1931).  The underlying rationale of this principle is that a reduction in debt without a

---

[2] The Court notes that the amount identified on the Form 1099-MISC and in the notice of deficiency is less than the amount of MLIC's payments.  The Court proceeds based on the amount identified on the Form 1099 and determined by respondent.

[3] Petitioners have made no argument that the burden of proof shifting provisions of sec. 7491(a)(1), effective for Court proceedings arising in connection with examinations commencing after July 22, 1998, have application to this case, nor have they offered any evidence that they have complied with the requirements of sec. 7491(a)(2).

corresponding reduction in assets causes an economic gain and income to the debtor because the assets are no longer encumbered. A DOI generally produces income in an amount equal to the difference between the amount due on the obligation and the amount paid for the discharge. If no consideration is paid for the discharge, then the entire amount of the debt is considered the amount of income which the debtor must include in income. Sec. 61(a)(12).

Under certain circumstances, a taxpayer may exclude DOI income from gross income if the discharge occurs when the taxpayer is insolvent. Sec. 108(a)(1)(B). The exclusion cannot exceed the amount by which the taxpayer is insolvent. Sec. 108(a)(3). For purposes of this section, "insolvent" is defined as "the excess of liabilities over the fair market value of assets." Sec. 108(d)(3). Such a determination is to be made on the basis of the taxpayer's assets and liabilities immediately before the discharge. Id. The exclusions provided in section 108 do not apply in this case because the evidence does not establish that petitioners were insolvent.

Petitioner claims he did not realize DOI income because he never received the Form 1099-MISC. The Court disagrees. "The moment it becomes clear that a debt will never have to be paid, such debt must be viewed as having been discharged." Cozzi v. Commissioner, 88 T.C. 435, 445 (1987). The nonreceipt of a Form

1099-MISC does not convert income into nontaxable income. Rinehart v. Commissioner, T.C. Memo. 2002-71 (citing Vaughan v. Commissioner, T.C. Memo. 1992-317, affd. without published opinion 15 F.3d 1095 (9th Cir. 1993)). MLIC's issuance and filing of the Form 1099-MISC with respect to petitioner's benefits is evidence of its intention to cancel his debt. Petitioner has not presented any evidence to indicate that the Form 1099 did not represent DOI income.

MLIC prepared a Form 1099-MISC reporting that it canceled petitioner's indebtedness and $22,905 as the amount of debt canceled. Petitioner presented MLIC records indicating, among other items, the date and amount of each payment to or for petitioner's benefit that contributed to the amount of indebtedness discharged in 1998. Accordingly, the Court holds that petitioner realized and failed to report discharge of indebtedness income in 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for respondent.
