T.C. Summary Opinion 2006-188


UNITED STATES TAX COURT


STEPHEN BERNARD SCHACHNER, JR., AND JILL FRANCES SCHACHNER,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23478-05S.                    Filed December 13, 2006.


    Stephen Bernard Schachner, Jr., and Jill Frances Schachner,
pro sese.

    Edwina Jones, for respondent.


    ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  The decision to be entered

---

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2003,
the taxable year in issue.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax for 2003 in the amount of $1,950.

The sole issue for decision is whether petitioners should have included $7,807 of cancellation of indebtedness income on their 2003 Federal income tax return. We hold that they should have done so and therefore sustain respondent's determination.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, Stephen Bernard Schachner (Mr. Schachner) and Jill Frances Schachner (jointly petitioners) lived in Charlotte, North Carolina.

In 1994, while Mr. Schachner was taking classes at a local community college, he borrowed $10,030 from University Support Services to purchase an Apple computer (the Apple loan). At Mr. Schachner's request, his mother-in-law applied for the loan on his behalf, and both Mr. Schachner and his mother-in-law signed the Application & Promissory Note, agreeing to be jointly and severally liable for the loan.

In 1995, petitioners filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Western District

of North Carolina.  A discharge was granted on April 7, 2000.
The Apple loan was not discharged as a part of the bankruptcy
proceedings.[2]

In 2003, approximately $7,807 of the Apple loan debt
remained unpaid, and the debt was canceled by EduCap, Inc.
(EduCap), the successor to University Support Services and then-
current holder of the loan.  EduCap mailed Mr. Schachner a Form
1099-C, Cancellation of Debt, reporting the $7,807 discharge of
indebtedness.[3]  At trial, Mr. Schachner testified that he did not
receive it.

Respondent's determination of a deficiency in petitioners'
Federal income tax for the taxable year 2003 was solely
attributable to petitioners' failure to report the cancellation
of indebtedness income.

---

[2]  The Application & Promissory Note makes it clear that the
Apple loan is not dischargeable in bankruptcy during the first 7
years of repayment.  Additionally, the Apple loan was found to be
nondischargeable pursuant to a Stipulated Order Determining
Character and Treatment of Claim of University Support Services
entered as a part of the ch. 13 bankruptcy proceedings.

[3]  Despite the fact that the Application & Promissory Note
made Mr. Schachner and his mother-in-law jointly and severally
liable for the Apple loan, neither University Support Services
nor its successor, EduCap, Inc., appears to have regarded Mr.
Schachner's mother-in-law as a debtor or looked to her for
repayment of the loan.  This approach is consistent with the
issuance of the Form 1099-C to Mr. Schachner in the full amount
of the discharged debt.

## Discussion[4]

Section 61 generally defines gross income as "all income from whatever source derived". Section 61(a)(12) specifically provides that gross income includes income from the discharge of indebtedness. See also Gitlitz v. Commissioner, 531 U.S. 206, 213 (2001); United States v. Kirby Lumber Co., 284 U.S. 1 (1931). Section 108(a)(1) lists several exclusions from this general rule, and petitioners argue that the exclusion in section 108(a)(1)(A) applies because the "loan was discharged in [their] Chapter 13 bankruptcy 4 years ago."

Section 108(a)(1)(A) provides that gross income does not include cancellation of indebtedness income if the discharge occurs in a title 11 case. Title 11 of the United States Code contains the provisions relating to bankruptcy, including the rules related to 11 U.S.C. Chapter 13, Adjustment of Debts of an Individual with Regular Income. Yet the Apple loan was specifically not discharged--nor was it dischargeable--in the bankruptcy proceedings. The loan remained on EduCap's books until it was written off on April 30, 2003. Section 108(a)(1)(A) does not apply.[5]

---

[4] The issue for decision is essentially legal in nature; accordingly, we decide it without regard to the burden of proof.

[5] The other exclusions listed in sec. 108(a)(1) are inapplicable as well: Petitioners were not insolvent at the time the debt was discharged, the debt was not qualified farm

(continued...)

Petitioners also claim that they "are not the guarantor of the loan." At trial, Mr. Schachner attempted to argue that since he was not the "applicant", the debt was not his. However, the simple fact remains that Mr. Schachner signed the Application & Promissory Note, promising to be held jointly and severally liable for the debt. He received the proceeds of the loan directly. Further, the sole purpose in obtaining the loan was to enable him to purchase a computer and further his education.[6] Mr. Schachner's attempt to avoid responsibility and place the debt and its consequences solely with his mother-in-law is unavailing.

To the extent petitioners have made other arguments, the Court concludes such arguments are without merit.

As no exclusion applies and the debt was clearly Mr. Schachner's responsibility, petitioners should have included $7,807 of cancellation of indebtedness income in their gross income on their 2003 tax return.

---

[5](...continued)
indebtedness, and the debt was not qualified real property business indebtedness. See sec. 108(a)(1)(B), (C), and (D).

[6] The Court finds it worth noting that, although he never finished his degree, Mr. Schachner has been employed with Microsoft Corp. since 1999 and earns a substantial salary, no doubt due in part to this education.

## Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue,

<u>Decision will be entered</u>

<u>for respondent.</u>