T.C. Summary Opinion 2009-121

UNITED STATES TAX COURT

STEED A. AND SHONNA K. MARTIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9431-08S.                    Filed August 4, 2009.

Steed A. and Shonna K. Martin, pro sese.

Thomas R. Mackinson and Sharyn Lais, for respondent.

GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

    [1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,197 income tax deficiency for petitioners' 2005 tax year. The sole issue before the Court is whether petitioners were required to include $6,704 in income due to cancellation of indebtedness.

## Background

Petitioners resided in California at the time their petition was filed. On June 21, 1999, Steed A. Martin (petitioner) purchased a 1988 Toyota 4-Runner automobile. He financed the automobile through Heritage Community Credit Union (Heritage) by entering into a "Simple Interest Motor Vehicle Contract and Security Agreement" indicating that the price was $12,360.48, of which $8,872.34 was being financed with Heritage. Petitioner stopped making payments on his loan with Heritage during 2001, and Heritage "charged-off" and "canceled" the $6,704.92 outstanding principal of petitioner's loan.

Petitioner was notified by Heritage in 2002 that his automobile was going to be repossessed, and soon thereafter a person came to his residence to repossess the automobile. Petitioner turned over the keys for the automobile, and it was placed on a truck and transported from the vicinity of petitioner's residence. Petitioner did not subsequently see or

have access to the automobile. During 2005 Heritage issued a Form 1099-C, Cancellation of Debt, to petitioner reflecting the cancellation of petitioner's debt of $6,704.92. That information was also communicated to the Internal Revenue Service. Petitioners did not report the $6,704.92 in income for 2005, and respondent made an adjustment for increased income due to cancellation of indebtedness. The records of Heritage reflect that petitioner's automobile was assigned for repossession.

Petitioner is of the opinion that the value of the automobile at the time of the repossession was approximately $6,704.92, equivalent to the outstanding loan principal with Heritage.

## Discussion

The record shows that petitioner purchased an automobile and financed the purchase with Heritage. At some point he stopped making payments on the loan and was advised that the automobile would be repossessed. The automobile, which petitioner opined had a value equal to the outstanding principal on the loan, was taken from petitioner during 2002. Heritage had charged off the loan in 2001, but it sent petitioner a Form 1099-C reflecting cancellation of indebtedness income in the amount of the outstanding balance of the loan during 2005.

The only evidence in the record that supports respondent's determination of cancellation of indebtedness income is the Form 1099-C Heritage issued.

In general, the Commissioner's determination in a notice of deficiency carries a presumption of correctness, and the burden is on taxpayers to prove otherwise. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under circumstances prescribed by statute the burden may shift where a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the income tax liability of the taxpayer. Sec. 7491(a)(1). Additionally, section 6201(d) provides that in any court proceeding, where a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return, such as a Form 1099 filed by a third party, the Commissioner may have the burden of producing reasonable and probative information concerning the deficiency in addition to information on the information return.

Petitioners dispute the correctness of the information return. Petitioner testified that the automobile was repossessed by Heritage at a time when it had a value equal to the outstanding debt. That would mean that Heritage had received an asset with sufficient value to substantially reduce or eliminate the outstanding debt and would call in question whether the Form 1099-C was correct. Heritage's business records offered by

respondent reflect that petitioner's automobile had been assigned for repossession, a fact that supports petitioner's testimony to that effect. At trial respondent attempted to place in evidence a March 25, 2009, letter from a Heritage employee which contained information about the automobile. The document (which had been marked as Exhibit 5-R for identification) could not be received in evidence.[2]

Accordingly, we are left with a record where petitioners have effectively called into question the validity of the Form 1099-C and respondent has not placed in evidence any information that would rebut petitioner's testimony, which is also supported by documentary evidence in the record. Therefore, in accord with section 6201(d), respondent is not able to rely solely upon the Form 1099-C in support of the determination that petitioners have cancellation of indebtedness income.[3]

Generally, a taxpayer must include income from the discharge of indebtedness. See sec. 61(a)(12); sec. 1.61-12(a), Income Tax Regs. Where indebtedness is being discharged, the resulting income would equal the difference between the amount due on the obligation and the amount paid, if any, for the discharge. See,

---

[2]The letter contained multiple levels of hearsay, was not a business record, and contained subjective opinions of the Heritage employee, who was not in court for its introduction and/or cross-examination as to the matters stated therein.

[3]Respondent raised no question as to whether petitioner complied with any other requirement or aspect of sec. 6201.

e.g., <u>Cronin v. Commissioner</u>, T.C. Memo. 1999-22.  This principle derives from the seminal case of <u>United States v. Kirby Lumber Co.</u>, 284 U.S. 1 (1931), where the Supreme Court held that a taxpayer may realize income by paying an obligation at less than its face value.

Accordingly, income from cancellation of indebtedness would not include the entire amount of the outstanding debt if the creditor received payment or assets of value from the debtor.  A cancellation of indebtedness generally produces income to the debtor equal to the difference between the amount due on the obligation and the amount paid for the discharge.  If, however, no consideration is paid to or received by the creditor for the discharge, then the entire amount of the debt is considered income to the debtor.  Sec. 61(a)(12).[4]

We accept petitioner's testimony on the value of the automobile, as an owner is presumed to know or have a good sense of the value of his property.  There is no evidence in the record that is contrary to petitioner's testimony.  In addition, petitioner purchased the automobile during 1999 for $12,360.48.  Two years later, when it was repossessed, a value of $6,704 would appear to be reasonable (one-half of its original value).

---

[4]Petitioners do not argue that any of the exclusions of sec. 108(a) apply to reduce any cancellation of indebtedness income that may be redetermined.

Petitioner testified that the automobile was operational at the time it was repossessed.

Under these circumstances, the Form 1099-C has been refuted and discredited. Petitioners have shown that the debt was satisfied, and we accordingly hold that petitioners were not required to report cancellation of indebtedness income for 2005. Because respondent made no other adjustments or determinations,

<u>Decision will be entered</u>

<u>for petitioners</u>.