T.C. Summary Opinion 2017-81

UNITED STATES TAX COURT

ANN ZOLLINGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17681-16S.                    Filed November 9, 2017.

Ann Zollinger, pro se.

<u>Tyson R. Smith</u> and <u>Thomas P. Mackinson</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for a Federal income tax deficiency of $8,917 for the taxable year 2013. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in California.

After numerous concessions,[2] the sole question remaining to be decided is whether petitioner is entitled to a deduction of $20,000 claimed on Schedule C, Profit or Loss From Business.

<u>Background</u>[3]

Petitioner operates an architecture/construction business known as North Coast Packaged Homes (NCPH). In October 2008 petitioner borrowed $22,000 from an individual lender to provide operating funds for NCPH. The promissory note underlying the loan did not establish a repayment schedule, and interest on

---

[1](...continued)
Code, as amended and in effect for 2013, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties' concessions are set forth in a comprehensive stipulation of settled issues filed September 26, 2017.

[3]Some of the facts have been stipulated and are so found.

the loan was fixed at $100. Petitioner did not include the proceeds of the loan in income. In 2013 petitioner transferred $20,000 to the lender to repay loan principal.

Petitioner filed a Federal income tax return for 2013 and attached thereto a Schedule C for NCPH, reporting gross receipts of $140,552 and claiming deductions for various business expenses including $24,000 for "Business Loan Repayment". Respondent determined that petitioner is not entitled to a deduction of $20,000 in connection with the repayment of loan principal.[4] Petitioner maintains that she is entitled to the claimed deduction.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule

---

[4]Because petitioner had substantiated that she paid $4,000 for website services in 2013, respondent agreed that she was entitled to deduct $4,000 of the $24,000 amount that she had characterized as "Business Loan Repayment" on Schedule C.

142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

Under certain circumstances, the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Because there is no dispute as to any fact that is relevant to the disposition of this case, however, the placement of the burden of proof is immaterial.

In 2008 petitioner borrowed $22,000 to provide operating funds for NCPH. She repaid $20,000 of the loan principal in 2013.

A taxpayer is not entitled to a deduction for repayment of loan principal because loan proceeds are not taxable income when they are received. <u>See</u> <u>United States v. Kirby Lumber Co.</u>, 284 U.S. 1 (1931); <u>Porter v. Commissioner</u>, T.C. Memo. 2015-122, at *32 (and cases cited threat). It follows that respondent's determination that petitioner is not entitled to a deduction of $20,000 for the repayment of loan principal is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.