T.C. Memo. 1998-135


UNITED STATES TAX COURT


CITY OF COLUMBUS, OHIO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3301-95B.                    Filed April 6, 1998.


David L. Miller and David A. Rogers, for petitioner.

Marsha A. Sabin, Sunita B. Lough, and Joel E. Helke, for
respondent.


SUPPLEMENTAL MEMORANDUM OPINION

TANNENWALD, Judge:  This case is before the Court on remand
from the Court of Appeals for the District of Columbia Circuit in
City of Columbus v. Commissioner, 112 F.3d 1201 (D.C. Cir. 1997),
vacating and remanding 106 T.C. 325 (1996).  The issue for
decision is whether the prepayment by petitioner of its

indebtedness constitutes investment-type property under section 148(b)(2)(D).[1]

The findings of facts are set forth in our previous opinion, City of Columbus v. Commissioner, 106 T.C. 325 (1996), and are incorporated herein by this reference. We repeat only those facts necessary to an understanding of the instant issue.

In 1965, the State of Ohio created a fully funded statewide pension fund for police officers and firefighters (the State fund) to replace the unfunded plans maintained by petitioner and other Ohio municipalities. The State fund assumed and guaranteed the pre-1967 pension liabilities of such municipalities, including petitioner (the State fund obligation). State law required each municipality to transfer its pension liabilities and assets to the State fund and to pay the State fund, either immediately or over time with interest, an amount equal to its accrued unfunded pension liability. Petitioner transferred its pension liabilities and assets on January 1, 1967, and chose to pay its accrued unfunded pension liability over time (the city obligation). Petitioner made scheduled payments until November 1993, when it entered into a prepayment agreement with the State fund whereby petitioner paid the balance remaining on the city obligation (the remaining obligation) in a lump-sum equal to 65

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

percent of the outstanding principal balance (plus interest from the time of the prepayment agreement until date of the lump-sum payment). Petitioner made the lump-sum payment on January 31, 1994 (the prepayment).

Petitioner proposed to issue tax-exempt bonds to finance the lump-sum payment and requested a ruling from respondent that the interest on the proposed bonds would be exempt under section 103. Respondent denied petitioner's request on the ground that such bonds would be arbitrage bonds pursuant to section 148. In our original opinion, we attributed the prepayment to the acquisition of the State fund obligation in 1967, City of Columbus v. Commissioner, 106 T.C. at 334, and concluded that the bonds would be arbitrage bonds. The Court of Appeals reasoned that, if we were correct in that attribution, the proposed bonds could not be arbitrage bonds because the arbitrage provisions did not apply retroactively to the 1967 transaction. City of Columbus v. Commissioner, 112 F.3d at 1205-1206. The Court of Appeals remanded the case and defined the scope of the remand as follows:

> The purpose of § 148 is to prevent states and local governments from using tax-exempt bond proceeds to acquire higher yielding "investment property." Even if a "prepayment for property" may itself be investment property, it remains to be seen whether the City of Columbus, by satisfying its obligation to the State Fund in 1994, was making a "prepayment for property." Before the anti-abuse regulations [sec. 1.148-10(e), Income Tax Regs.] is considered, that question must be resolved. [Id. at 1207.]

It is clear that the threshold question is a narrow one: Does the acquisition of one's indebtedness constitute an acquisition of property so as to bring section 148 into play?[2]

It is petitioner's position that the prepayment extinguished its indebtedness to the State fund and that it acquired no property in that transaction. It is respondent's position that petitioner's prepayment was investment-type property. Respondent describes the result of petitioner's prepayment as "the city received economic property through this investment use." Respondent argues that to allow petitioner to issue tax-exempt bonds contravenes the intent of section 148 through the use of a vehicle similar to that of the prepayment for property or services described in section 1.148-1(b), Income Tax Regs.

The purpose of section 148 is to prevent the use of tax-exempt bonds to acquire higher-yielding investment property. City of Columbus v. Commissioner, 112 F.3d at 1207; Conf. Rept. 99-841 (1986), 1986-3 C.B. (Vol. 4) 1, 747 ("the arbitrage restrictions are expanded to apply to the acquisition of any property held for investment other than another bond exempt from tax under Code section 103."); sec. 1.148-10(a), Income Tax Regs. Section 148(b)(2) defines investment property to include any security, any obligation, any annuity contract, and any

---

[2] We left this question aside in our original opinion, and the Court of Appeals did likewise. City of Columbus v. Commissioner, 106 T.C. 325, 334 (1996), revd. and remanded 112 F.3d 1201, 1205 (D.C. Cir. 1997).

investment-type property.  It is the scope of "investment-type property" that is at issue herein.  Section 1.148-1(b), Income Tax Regs. states:

> Investment-type property includes any property, other than property described in section 148(b)(2)(A), (B), (C), or (E), that is held principally as a passive vehicle for the production of income.  Except as otherwise provided, a prepayment for property or services is investment-type property if a principal purpose for prepaying is to receive an investment return from the time the prepayment is made until the time payment otherwise would be made.  * * *

Unquestionably, petitioner, by prepaying the remaining city obligation, extinguished its preexisting debt. While petitioner received an economic benefit from prepaying its debt, we do not think it was paying for property.  Petitioner purchased or received nothing, beyond the State fund obligation it received under the 1967 transaction, other than the discount for prepaying its obligation to the State.  Such discounts normally are considered discharge of indebtedness income, not investments. Sec. 61(a)(12); United States v. Kirby Lumber Co., 284 U.S. 1 (1931); Consolidated Edison Co. of New York, Inc. v. United States, 10 F.3d 68 (2d Cir. 1993); Michaels v. Commissioner, 87 T.C. 1412, 1417 (1986) ("the discount here at issue was realized by the prepayment, which is not considered a sale or exchange"). In cases where a purchase-money debt is owed to the seller, the reduction generally is treated as a purchase price adjustment. Sec. 108(e)(5); House v. Commissioner, T.C. Memo. 1995-92.

Respondent seeks comfort from <u>Consolidated Edison Co. of New York, Inc. v. United States</u>, <u>supra</u>. In that case, the taxpayer prepaid real property taxes to New York City and received a discount. It contended that the discount was tax-exempt interest. The Court of Appeals for the Second Circuit rejected that contention and held that the discount was includable in gross income. The Court of Appeals then went on to hold that, under the particular circumstances involved, the taxpayer was entitled to deduct the full amount of the accrued taxes, unreduced by the discount, on the ground that it utilized the economic value of the discount to make the payments. There is not the slightest indication by the Court of Appeals that it considered the economic value of the discount as constituting property, which is the issue involved herein. Such being the case, and given the totally different circumstances involved herein, we find respondent's reliance on <u>Consolidated Edison Co of New York, Inc.</u> misplaced.

The long and short of the matter is that the discount involved herein had economic value but that value cannot be equated with property for which petitioner made the prepayment. Consequently, we answer in the negative the threshold question delineated by the remand.

Since there is no prepayment for property, we hold that the prepayment in and of itself does not constitute investment-type

property.[3]  Such being the case, petitioner's bonds are not arbitrage bonds.  Cf. <u>California Health Facilities Authority v. Commissioner</u>, 90 T.C. 832, 843 (1988) (lending of bond proceeds is not an "investment" with the result that such use does not give rise to arbitrage).

<u>Decision will be entered</u><br><u>for petitioner</u>.

---

[3]  As the Court of Appeals for the District of Columbia Circuit stated in <u>City of Columbus v. Commissioner</u>, 112 F.3d at 1205:

> We also have no doubt that the 1994 transaction was a "prepayment."  But was the city's prepayment "for property"?  Only if it was may the prepayment itself be treated as "investment-type property" under the regulation. * * *