T.C. Summary Opinion 2006-87

UNITED STATES TAX COURT

MARCIA ANN COPPERTINO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5034-04S.                    Filed May 24, 2006.

Richard M. Hoffman, for petitioner.

Stephen A. Haller, for respondent.

COUVILLION, Special Trial Judge: This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $12,356 in petitioner's Federal income tax for 2001, an addition to tax

_____

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.

under section 6651(a)(1), and an accuracy-related penalty under section 6662(a).

The issues for decision are whether petitioner realized discharge of indebtedness income under section 61(a)(12) and, if so, the extent thereof under section 108(a), and whether petitioner is liable for the section 6662(a) accuracy-related penalty.[2]

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Redondo Beach, California.

For approximately 3 years, including the year at issue, petitioner was employed as bookkeeper for a company that was engaged in the promotion and selling of stock or interests in mining companies. For reasons not established at trial, the activities of petitioner's employer ran afoul of the United States Securities and Exchange Commission (SEC), and, as the result of a court proceeding, the activity was terminated. Some of the principals in the activity were charged criminally. Petitioner was not charged with any criminal activity; however, she was a defendant in a civil action by the SEC for the actions of her employer. Based on the claim that petitioner had received

---

[2]At trial, petitioner conceded she is liable for the sec. 6651(a)(1) addition to tax if the Court sustains the deficiency.

moneys from the illegal activity, petitioner was held civilly liable for $67,820 in what was described by counsel at trial as a "disgorgement".[3]  No portion of the $67,820 has ever been paid, and, during the year at issue, the SEC formally relieved petitioner from the obligation of paying this indebtedness.  The SEC issued to petitioner, for the year at issue, 2001, a Form 1099-C, Cancellation of Debt, in the amount of $67,820.45 for what was described as "Default on payment of penalty, disgorgement and interest".

Petitioner filed a Federal income tax return for 2001, which was received by the Internal Revenue Service on August 22, 2002. On that return, the only income item reported was a loss of $3,128 from a Schedule C, Profit or Loss From Business. Petitioner did not include as income the forgiveness of the $67,820 debt owing to the SEC.

In the notice of deficiency, respondent determined that the $67,820.45 debt forgiveness by the SEC constituted gross income. The principal issue considered at trial is whether petitioner is absolved from liability for income tax on this forgiveness of indebtedness because she was insolvent at the time the indebtedness was forgiven.

Gross income includes all income from whatever source

---

[3]The word "disgorgement" is defined generally as giving up illicit gains.

derived. Sec. 61(a). Discharge of indebtedness is specifically included as an item of gross income. Sec. 61(a)(12). This means that a taxpayer who has incurred a financial obligation that is later discharged or released has realized an accession to income. United States v. Kirby Lumber Co., 284 U.S. 1, 3 (1931); Friedman v. Commissioner, 216 F.3d 537, 545 (6th Cir. 2000), affg. T.C. Memo. 1998-196. The rationale of this principle is that the discharge of a debt effects the freeing of assets previously offset by the liability. Jelle v. Commissioner, 116 T.C. 63, 67 (2001) (citing United States v. Kirby Lumber Co., supra).

Petitioner does not challenge the principle that discharge of indebtedness constitutes gross income. Her sole argument is that she was insolvent at the time she was relieved of this liability, and, therefore, the discharged indebtedness does not constitute gross income. Under section 108(a)(1)(B), gross income does not include any amount that would be includable in gross income by reason of the discharge of the indebtedness of the taxpayer if the taxpayer was insolvent at the time the indebtedness was discharged.

On her Federal income tax return for 2001, the year at issue, petitioner reported no wage or salary income or any other income. She reported a business loss of $3,128 on a Schedule C. That activity was identified as The All American Herbal Health Clinic. In the notice of deficiency, respondent made no

adjustments to the income, expenses, or the loss of that activity as reported by petitioner. Respondent's sole adjustment in the notice of deficiency is that petitioner realized gross income from the cancellation of indebtedness by the SEC. Petitioner contends she was insolvent and, therefore, did not realize gross income from cancellation of the debt owing to the SEC.

Section 108(a)(1)(B) provides that the discharge of indebtedness does not constitute gross income when the taxpayer is insolvent. Respondent made no determination that petitioner owned assets or had a net worth. At trial, petitioner's testimony was that her only asset consisted of an old automobile. It appears to the Court that the vehicle had only minimal value, if any. It was not established that petitioner owned a home or any property, and she testified she virtually "lived out of her car". Given this testimony, counsel for respondent acknowledged, in response to the Court's query, that respondent had "no affirmative knowledge" of any assets owned by petitioner, and this case was brought to trial "to at least see what she at one time had and we believe that she could get". Respondent did not develop at trial evidence of any assets owned by petitioner. The Court concludes that petitioner was insolvent and, therefore, is entitled to relief under section 108(a)(1)(B) by reason of insolvency. Petitioner, therefore, is sustained on the principal issue. It follows, therefore, that petitioner is not liable for

the section 6662(a) accuracy-related penalty on underpayment of tax, since there was no underpayment of tax.  Even though petitioner admitted that her income tax return for 2001 was not filed timely, she, nonetheless, is not liable for the section 6651(a)(1) addition to tax because the addition to tax is based on a percentage of the tax "required to be shown on the return". Since the Court holds that petitioner had no tax liability, it follows that petitioner is not liable for the section 6651(a)(1) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

+

<u>Decision will be entered for petitioner.</u>